## THE WINONA PAPER COMPANY
### v.
## FIRST NATIONAL BANK OF KALAMAZOO.

*Insolvency—Assignment—Publication of Notice—Filing of Claim—Note—Appeal—Failure to Present Bond for Approval in Apt Time—Stipulation—Bill of Exceptions.*

1. In view of the filing of briefs by the appellee wherein are discussed the merits of a given cause, a motion filed by him on the same day asking that the appeal be dismissed because the appeal bond was not presented for approval until after the time fixed therefor in the order allowing the same, must be considered waived.

2. Upon petition of the indorsee of a note given by a corporation subsequently insolvent, that it might be permitted to share in the distribution of the estate although its claim was not filed in apt time, this court holds that in view of the fact that the trial under review, was under a stipulation that the assignee duly published a notice as required by law, the argument of petitioner that said notice was defective can not stand, and that the trial court erred in granting the relief as prayed.

[Opinion filed December 2, 1889.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellant.

Messrs. OSBORNE BROS. & BURGETT, for appellee.

GARNETT, J.    On July 15, 1887, the W. O. Tyler Paper Co. executed and delivered its promissory note for $1,461.27, payable to B. F. Lyon & Co. in three months after date, which was assigned by the payees and delivered to the appellee on or before August 1, 1887, and the same has been ever since owned and held by appellee. By deed of assignment executed pursuant to Chap. 10, R. S., the W. O. Tyler Paper Co. conveyed all its assets to James L. Rubel, as assignee, for benefit of its creditors. Immediately after his appointment,

the assignee sent to B. F. Lyon & Co. the notice required by the statute, requesting them to file their claim with him on or before November 13, 1887; but no notice was sent to appellee, the reason being, presumably, because the assignee had no notice of the assignment of the note to appellee. From a stipulation in the cause it appears that the assignee " duly published a similar notice as required by law." The claim of appellee was not presented to the assignee; but on February 20, 1888, petition was filed by appellee in the County Court, praying that its claim should be allowed as a debt against the estate of the insolvent, and that it might be permitted to share in the distribution of the estate as fully as though the claim had been filed in apt time. The Winona Paper Co., a creditor of the insolvent, having filed its claim, objected to the granting of the petition of the bank; but on July 1, 1889, its objection was overruled, and a decree entered according to the prayer of the petition. To that decree the Winona Paper Co. excepted, and brings this appeal to reverse the decree.

Appellee asks that the appeal be dismissed because the appeal bond was not presented to the County Court for approval until after the time fixed therefor in the order allowing the appeal. A paper purporting to be a motion to that effect was filed in this court on October 17th of this term, but no entry of the motion was ever made on the record. On the same day the briefs of appellee were filed in the cause in which the merits of the case are discussed at large. Under these circumstances the supposed motion, which merely goes to the manner in which the case comes to this court, must be regarded as waived by appellee. Martin v. Hochstadter, 27 Ill. App. 166.

At the time the decree was entered this appeal was prayed, and twenty days given by order of court for filing bill of exceptions. The bill was signed by the judge on July 25th, after the lapse of the term and after the twenty days had expired. For that reason appellee prays that the bill of exceptions may be stricken from the record. We find, however, attached to the bill of exceptions, a stipulation signed by

counsel for appellee, in these words: "It is stipulated that the foregoing bill of exceptions may be incorporated in and taken to the Appellate Court as a part of the record herein, as provided by the statute." Good faith requires the application here of the doctrine of estoppel against appellee. If necessary to give effect to this stipulation, it would be presumed that all necessary orders were entered by the County Court to make the bill of exceptions a part of the record. The terms of the stipulation would seem to import as much.

As an excuse for not presenting its claim within the three months allowed by the statute, the appellee says the notice published was dated August 9th, while the date of the first paper in which it was published was August 13th; that a creditor, seeing the publication for the first time on November 10th succeeding, would conclude that he was too late, as that would be one day after the expiration of the three months from August 9th. There seems to be some plausibility in this point, and it appears to be supported by Metropolitan Bank v. Morehead, 38 N. J. Law, 500. But the force of the argument is broken by the fact that the trial, which is under review on this appeal, was under a stipulation that the assignee "duly published a similar notice as required by law." To be sure a notice dated August 9th, and a certificate of publication thereof, stating that the same was first published August 13th, were introduced in evidence, but they do not contradict the stipulated fact that a notice was duly published, as required by law; another notice might have been published in a different paper.

In Suppiger v. Seybt, 23 Ill. App. 468, it was held, that if a claim was not presented within the three months given by the statute, it could not participate in the distribution with claims presented within that time, and allowed by the court. With that we agree, and as the decree of the County Court is to the contrary, it is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*