FREDERICK B. SUPPIGER ET AL.

v.

TIMOTHY GRUAZ.

*Assignments—Presentation of Claims—Replevin—Loss of Property by Fire.*

1.   Where a claim against a bankrupt estate is in suit and undetermined during the three months after publication of notice by the assignees, during which claims are required to be presented, they will not be barred for non-presentation.

2.   Destruction by fire, while withheld, of property wrongfully replevied, does not absolve plaintiff from liability under the replevin bond.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Madison County; the Hon. WM. H. SNYDER, Judge, presiding.

On April 1, 1889, Timothy Gruaz, appellee, presented to the appellants, assignees of the bankrupt firm of F. Ryhiner & Co., the following claim against the bankrupt estate, and the

assignees did not file the same in the County Court until August 6, 1889: "Timothy Gruaz, being duly sworn, on oath says that the claim (a copy of which is hereto attached) of himself against the above named firm of F. Ryhiner & Co., is for money due on value of machinery and tools, levied upon to satisfy a judgment in favor of said Timothy Gruaz, withheld by replevin and never returned, and that there is now due to the said Timothy Gruaz from the said firm of F. Ryhiner & Co., after allowing all just credits, payments, deductions and off-sets, the sum of fifty-six hundred dollars. Deponent further says that the claimant's post-office address is Highland, Madison County, Illinois.    Timothy Gruaz."

"Subscribed and sworn to before me this 1st day of April, A. D. 1889.

"John Balsiger, J. P."

COPY OF CLAIM.

"1884, March 31.

To Ryhiner & Co., Dr.,

1884, March 31.        To Timothy Gruaz, Highland, Ill.

To value of tools and machinery, said to be replevied and not returned after dismissal of replevin suit, $4,000.    Interest five years at six per cent, $1,600.    Total, $5,600."

Exceptions by assignees to the claim were filed and the County Court allowed Gruaz $4,000 thereon, and ordered that the assignee should pay no dividend upon the claim until after the payment in full of all claims before presented and allowed by the court. From this order Gruaz appealed to the Circuit Court, where the cause was by agreement tried by the court upon the following stipulations: "The parties in the above cause now pending and undetermined in said court do hereby stipulate that the facts of the matter in controversy are as follows: That at the March term, A. D. 1884, of the Circuit Court of Madison County, Illinois, Timothy Gruaz, the plaintiff in this suit, obtained a judgment against the Highland Mechanical Works for the sum of $5,647.10; that an execution was issued on said judgment dated ——————————, A. D. 1884, and levied on the following

described property, by the sheriff of Madison county, Illinois, on the — day of April, A. D. 1884, viz.: (Here follows in detail a description of a lot of tools and machinery used in a foundry, as the property of the Highland Mechanical Works.) That the sheriff of Madison county, Illinois, took possession of said property under the said levy, and placed Jacob Bruns-weiller in custody of the same ; that on the 10th day of May, A. D. 1884, Frederick C. Ryhiner, Adolph E. Baudilier and Morris Huegy, under the firm name of F. Ryhiner & Co., brought a replevin suit in the Circuit Court of Madison County, Illinois, against George Hotz and Jacob Brunsweiller for the above described property; the replevin bond was for the sum of $4,000 ; that a writ of replevin was issued on that day and delivered to the coroner of Madison county to exe-cute, who on May 19, 1884, replevied the property and deliv-ered the same to the plaintiffs, F. Ryhiner & Co.; that the said replevin suit was continued through the various terms of the Madison County Circuit Court until the October term of the year 1888, when the venue of said suit was changed to the Circuit Court of Jersey County, Illinois, on the application of Ryhiner & Co., made prior to the assignment hereinafter mentioned.     At the March term of the Jersey County Circuit Court said suit was dismissed without a trial on the merits, and a writ of *retorno habendo* awarded.

On the 4th day of May, A. D. 1885, the said firm of Ryhi-ner & Co. made an assignment for the benefit of their credit-ors, under the laws of the State of Illinois, to the defendants Frederick B. Suppiger, John H. Hermann, Joseph C. Ammann and Adolph Ruegger, and that on the 13th day of May of said year, they made and executed a supplementary deed of assignment to the same parties, which deeds were duly filed in the clerk's office of the County Court of Madison County, Illinois; that said assignees qualified as such, and have since been acting under said deed of assignment as the assignees of said estate.     It is also admitted that they are creditors of said estate.     It is further stipulated that on the 22d day of August, 1885, there was filed in the County Court of Madison County, Illinois, by said assignees, a true and full list under

their oaths of all such creditors of F. Ryhiner & Co. as had claimed to be such at that time, with a true statement of their respective claims, and affidavit of publication of notice, and a list of creditors, with their places of residence and date of mailing, to whom notice had been sent by mail, duly verified as required by statute; that said assignees gave due notice to creditors to present their claims, as provided by the statute in regard to assignments for the benefit of creditors, by publication in a newspaper published in the said county of Madison, the first insertion being on the 20th day of May, A. D. 1885, and being published therein weekly from said day until and including the 12th day of August, A. D. 1885.

It is further stipulated that the name of Timothy Gruaz does not appear in the schedule of liabilities attached to the deed of assignment, nor in the list of those who had claimed to be creditors of said estate filed in the County Court by said assignees, nor was any notice sent to him by said assignees that the claim in controversy, being against the principals in said replevin bond, was first presented to the assignees on the first day of April, 1889, and was first filed in the County Court on the 6th day of August, 1889. It is further stipulated that a writ of *retorno habendo* was duly issued by the clerk of the Circuit Court of Jersey County, Illinois, to the sheriff of Madison county, Illinois, dated March 19, 1889; that the sheriff, under said writ, made a demand on the assignees of Ryhiner & Co. for the return of said property, and that the members of the firm of F. Ryhiner & Co. having left the State of Illinois, no demand was made on them, and that said property has not been returned nor found; that after said property was placed in the possession of F. Ryhiner & Co. by the coroner, under the writ of replevin, as herein stated, the said Ryhiner & Co. leased all of said property to Wm. Ellison & Son, in whose possession it remained from that time until about the 9th day of April, A. D. 1885, when it was destroyed by fire, without the fault or negligence of F. Ryhiner & Co.

That the return on said writ of *retorno habendo* is dated August 23, 1889, and the writ was returned to be filed in the

office of the Jersey County Circuit Court, August 24, 1889.
That the value of the property when replevied was $4,500;
that said assignees have not yet settled the estate assigned to
them, that they have paid three separate dividends on claims
presented within the three months given by the statute, and
that if the said claim of Timothy Gruaz shall be decided to
be entitled to share in the inventoried assets of said assigned
estate, there will be property and assets of said estate suffi-
cient to enable said assignees to pay a dividend on said claim
equal to the amount he would have received had his claim
been presented within the three months aforesaid, and been
duly allowed with other claims so presented, which amount
would exceed $1,100.

                        KROME & HADLEY,
                                Attorneys for Assignees.
                   WISE & DAVIS,
                                Attorneys for Claimant."

The Circuit Court found the issues for the claimant, and
allowed his claim against the defendants, as assignees, for the
sum of $4,000, and rendered judgment therefor and costs, to
be paid, in due course of settlement of the bankrupt estate,
out of any assets thereof not before distributed to creditors
on claims allowed against said assigned estate; and further
ordered that defendants pay to plaintiff the same dividend or
dividends, or *pro rata* share or shares, on said sum of $4,000,
that has or have been heretofore paid by defendants to cred-
itors on claims allowed as aforesaid, before paying any further
dividends to said creditors, and that defendants shall also allow
and pay to the plaintiff the same dividend or dividends on his
said claim of $4,000, so allowed, as they shall hereafter pay
to other creditors whose claims have been allowed.

From this order and judgment defendants took this appeal.

Messrs. KROME & HADLEY, for appellants.

Messrs. WISE & DAVIS, for appellee.

GREEN, J. Appellants insist the order and judgment of the
Circuit Court should be reversed, for two reasons. First.

Because the claim of appellee is barred by section 10 of the assignment act from participating in the assets of said estate until all other claims presented within the time provided, and allowed by the court, have been paid in full. Second. That as the property replevied was destroyed by fire during the pendency of the replevin suit, without the fault of Ryhiner & Co., their estate is not responsible for more than nominal damages.

Section 2 of the assignment act requires assignees to give notice by publication and to send notice by mail to each creditor of whom they may be informed. Section 10 provides that "all creditors who shall not exhibit his, her or their claim within the time of three months from the publication of notice as aforesaid shall not participate in the dividends until after the payment in full of all claims presented within said time and allowed by the court." It is doubtless true that one purpose of this act is to effect a speedy settlement of the bankrupt estate and a dividend of the assets among all the creditors without delay. Another and quite as important purpose of the act is that the assets of the bankrupt estate, so far as they shall reach, will be used to pay the just claims of all the creditors without preference or distinction, so that each creditor will receive an equal proportion the eof in liquidation of his claim. And if it does not appear from the evidence that this case presents equities and that Gruaz had sufficient reason and excuse for delaying the presentation of his claim beyond the period limited by said section 10, the provisions thereof would apply and the claim be barred as contended for. In Dugger v. Oglesby, 99 Ill. 45, which was a suit brought against heirs, to recover for the breach of covenants of the ancestor's deed, this court say: "Another objection made to the recovery is that the claim was not filed against the estate of Dugger within the two years after the grant of administration. Letters of administration were taken out in 1869, and the claim now sued on was never filed against the estate. The statute provision is that all demands against an estate not exhibited to the County Court within two years from the granting of letters of administration shall be forever barred, except as to

subsequently discovered estate not inventoried or accounted for by the executor or administrator. All the property, both real and personal, belonging to the estate was inventoried, so that there were no subsequently discovered assets. The eviction did not take place until in 1874. Thus the cause of action did not in fact accrue until long and more than two years after the death of the ancestor and the granting of letters of administration and the settlement of his estate. The cause of action here is not a demand which could have been exhibited to the court, proved or allowed against the estate of Dugger any time within two years after the granting of administration on his estate, it not accruing until afterward. We are of the opinion the limitation of the statute does not apply to the case."

On behalf of appellant it is insisted this case is not in point, because the suit was against heirs, and was not a proceeding directly against the estate on a claim filed in the County Court. But the rule and principle governing the construction to be given the provision, fixing the period within which claims must be presented, is, we apprehend, the same in the case at bar as in the case cited. In the latter case the plaintiff had no cause of action against defendants, except as heirs. Nor has Gruaz any claim against appellants, except as assignees. But the proceeds of the assets of the ancestor's estate in the one case, and the proceeds of the assets of the bankrupt estate in the other, furnish the only fund liable for the payment of the respective demands.

The excuse and reason held to be sufficient to exempt the demand in the Dugger case from the bar there set up under the limitation clause, would seem to be quite as valid and applicable in this case. And in Suppiger v. Seybt, 23 Ill. App. Ct. Reps. 468, cited by appellants, this court has said in the comments upon said section 10 of the assignment act: "The reason of this statute is the same as that requiring creditors of deceased persons to exhibit claims within two years after the grant of letters of administration;" and further say in the same opinion: "It may be, cases will arise in which, under the general powers conferred upon the County Court by this act,

claims not presented within three months can be allowed to have the same effect as if presented within that time. This case presents no equities whatever, shows no wilful neglect on the part of the assignees, offers no excuse whatever for the delay in presenting the claim, except that no notice was mailed." The decision in Dugger v. Oglesby, and the quotations from Suppiger v. Seybt, are particularly applicable to the facts appearing in this record. Ryhiner & Co., without a shadow of right, sued out a writ of replevin, and under it took from the sheriff all the property levied upon and taken to satisfy an execution in favor of Gruaz, and instead of holding the property to await the final determination of the replevin suit, to be then returned to the officer, if return thereof should be awarded, rented it to others, and while in their possession it was destroyed by fire. Had the property been retained and placed in the hands of the assignees, the whole of it could have been returned to the sheriff in obedience to the writ of *retorno*. The proceeds of the sale of all the property admitted to have been worth $4,500 would have been applied in satisfaction of the execution, and Gruaz would have been paid his debt, interest and costs. This result was defeated by the failure to return the property to the sheriff, according to the condition of the replevin bond. Not only was appellee thus injured, but without fault or *laches* on his part, the final administration of the replevin suit was delayed for years, and until it was determined his claim was not in a shape to be presented and allowed as a claim against the estate of the bankrupt obligors within the time limited by section 10.

In the face of these facts, appellants insist that the delay so occasioned, whereby an earlier presentation of this claim was prevented, has, by a fair and just construction of the assignment act, deprived appellee of the right to participate equally with the other creditors in the dividends of the bankrupt estate. In view of all the facts proven we can not sustain this contention. Ample and sufficient reason and excuse is shown for not presenting the claim at an earlier period and in this state of case, under the decision and ruling of the cases cited,

we hold the limitation of section 10 does not apply to said claim.

The destruction by fire of the replevied property while in the possession of the lessees of Ryhiner & Co., who wrongfully sued out the writ of replevin and by virtue thereof procured the possession, did not absolve said firm from liability for the breach of the condition of their bond and failure to make return of the property when return thereof was awarded. And the amount of damages assessed for the breach was warranted by the evidence. Wells on Replevin, sections 455, 600, 601, 602, and authorities thereunder. The order and judgment of the Circuit Court is affirmed.

*Judgment affirmed.*