# ·NATIONAL BANK OF RONDOUT
## v.
# FIRST NATIONAL BANK OF CHICAGO ET AL.

*Voluntary Assignments—Presentation of Claims—Notice.*

1. The question as to whether a creditor of an insolvent, who has made a voluntary assignment, is barred for failing to file his claim within the proper time, is a question of law for the court.

2. A notice first published on the fourteenth of a given month to present claims within three months from the eleventh of the same month is not a compliance with the statute.

3. No exemption from the provisions of the statute can be made on account of ignorance, mistake, accident or any equitable consideration.

[Opinion filed November 11, 1890.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. ARTHUR W. UNDERWOOD, for appellant.

Mr. ORVILLE PECKHAM, for appellees.

GARY, J.    The assets of the Wabash Manufacturing Company were being administered in the County Court under the statute of May 22, 1877, concerning voluntary assignments for the benefit of creditors.

In attempted compliance with the second section of that statute, the assignee published in a newspaper a notice dated January 11, 1890, requiring creditors to present their claims "within three months of the date hereof." The first publication of that notice was in the number of the paper issued January 14, 1890.

The appellant was a creditor of the Wabash Company, but had no notice in fact of the assignment of the company until after the expiration of the three months, whether counted from the 11th or the 14th day of January, 1890.

It is therefore apparent that it has made no difference to the appellant whether the notice bore the one or the other of those dates.    The question whether the appellant is barred by not having presented its claim until the 22d day of April, 1890, is therefore one of strict law.    The 4th section requires the assignee to make a report to the court " at the expiration of three months from the time of first publishing notice." The 6th section requires the court to declare dividends at the first term " after the expiration of the three months as aforesaid."    And the 10th section bars creditors who do not exhibit their claims " within the term of three months from the publication of notice as aforesaid " from participation in the assets, until those who do are paid in full.

No exemption from the provisions of the statute can be made on account of ignorance, mistake, accident, or any equitable consideration.

As the bar of the statute is so peremptory against the creditor, and no equity would relieve him from it, equal justice requires that the steps under the statute, by which he is to be barred, should be in strict compliance with the statute, and that it should be no answer to him, if they were not, that it would have made no difference with him, if they had been. A notice first published on the 14th to present claims within three months from the 11th is not a compliance with the statute.

It can be imagined that a creditor seeing it while he yet had time to present his claim on the 14th of April, but not before, would refrain from all effort as useless, and so lose his debt, when he would have saved it, had the notice told him that he had until the 14th.

It may be said that the statute enters into the notice, or that the notice is to be construed under the statute, and so read as a notice to present within three months from the 14th. But the answer is that the statute requires the notice itself to inform creditors of the time.    A paper dated, whether posted or published in a newspaper, requiring an act to be done within a fixed time from its date, refers to nothing outside of its date as the beginning of the period.    If in a news-

paper, how is a creditor to know whether that number is the first, or a later one in which the notice has appeared? And if posted, how long it has been there?

The opinion of this court that under such circumstances the appellant should not be barred, is pretty broadly intimated in Winona Paper Co. v. First National Bank, 33 Ill. App. 630.

The case there cited, Metropolitan Bank v. Moorehead, 38 N. J. Eq. 493, is an authority in point that a creditor is not barred under such a notice. The judgment is, therefore, reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*