# S. A. KEAN & CO.

## v.

# PERLEY LOWE, ASSIGNEE.

*Insolvency—Assignment—Failure to Present Claim within Proper Time.*

1. The fact that a creditor neglects to prove his claim within the time limited by law, because he is of the opinion that he has security out of which he can make his claim without resorting to the insolvent debtor's court, is not a sufficient reason for extending to such creditor the privilege of participating in dividends, as though he had made proof within three months after publication.

2. The fact that a creditor made a levy upon property sufficient to satisfy his claim against an insolvent, and that such levy is a *sub modo* satisfaction, does not deprive him of his right to exhibit his claim in court and before the tribunal to which his debtor had invited him to go for the purpose of receiving the proper proportion of the assets applicable for distribution to creditors.

3. It is because he ought not to unnecessarily harass or annoy his debtor, that one who has a *sub modo* satisfaction by levy, upon sufficient personal property, is not, while such satisfaction is existing, permitted to arrest or bring suit against such debtor; but the filing of a claim in insolvency proceedings can not be looked upon in the light of such annoyance.

[Opinion filed January 7, 1893.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

This case was heard by the County Court upon the following stipulation:

"State of Illinois, County of Cook, ss. In the County Court of Cook County.

"In the matter of the estate of Robert Larkins, insolvent, Perley Lowe, assignee. *In re* the petition of S. A. Kean & Co.

The parties in the above entitled cause, now pending and undetermined in said court, do hereby stipulate and agree

that the facts of the matter in controversy are as follows, to wit: That on the 23d of September, 1889, four judgments, aggregating, with costs, the sum of $7,196.86, were entered in the Superior Court of Cook County, Illinois, against the said Robert Larkins, and in favor of certain parties who immediately assigned said judgments to S. A. Kean & Co.; that executions were issued upon said judgments immediately upon their rendition, and said executions were forthwith, to wit, on the 23d of September, 1889, levied by the sheriff of Cook County upon certain lumber in said Cook County, belonging to said Robert Larkins, of sufficient value to satisfy in full all of the said executions; and that the said sheriff of Cook County took possession of said lumber under the said levy.

That upon the same day upon which said judgments were entered and levies made as aforesaid, a deed of assignment for the benefit of creditors from said Robert Larkins to Nathaniel M. Jones, which had been executed and delivered on the 21st day of September, 1889, was filed for record in the recorder's office of Cook County, and afterward, to wit, on the 27th day of September, 1889, said deed of assignment was filed in the office of the clerk of the County Court of said county of Cook; whereupon said Jones resigned his position as assignee of said Robert Larkins, and the said County Court appointed one Perley Lowe as successor to said Jones; that said Perley Lowe thereupon filed his petition in the said County Court against the sheriff of Cook County and S. A. Kean & Co., praying that possession of the lumber levied upon as aforesaid by the said sheriff should be delivered to said assignee by said sheriff; that after hearing, upon evidence introduced by both sides, said petition was dismissed by said County Court, and thereupon the said Perley Lowe, assignee, prayed and was allowed an appeal to the Appellate Court of Illinois, First District.

That thereupon said sheriff advertised the said lumber for sale, but that before the sale thereof was consummated said assignee replevied from the sheriff and S. A. Kean & Co., all of said lumber levied upon as aforesaid.

That afterward, to wit, on the 21st day of April, 1890, said Appellate Court of Illinois, First District, rendered its opinion in the matter of said appeal, sustaining and affirming the order of said County Court dismissing said petition, and that thereupon the said assignee prayed and was allowed an appeal therein to the Supreme Court of Illinois, and that afterward, to wit, on the 15th day of January, 1892, said Supreme Court of Illinois rendered its opinion in the matter of said appeal, reversing the judgments of the County Court and the Appellate Court, dismissing said petition, and remanding said cause to said County Court, with directions that the said petition of said assignee be allowed.

That thereupon said sheriff and said S. A. Kean & Co., appellees therein, filed a petition for a rehearing in said cause, which petition was denied by the said Supreme Court of Illinois, on the 15th day of June, 1892, and that a certified copy of the said final judgment and order of said Supreme Court of Illinois was filed in said County Court of Cook County on July 13, 1892.

That the aforesaid replevin suit of said assignee against said sheriff and S. A. Kean & Co., came on for hearing in the Circuit Court of Cook County, upon the 21st day of July, 1892, and the said Circuit Court of Cook County upon the hearing thereof, found the property in the lumber replevied therein, to be in the said assignee, plaintiff therein, and entered judgment for the said assignee, plaintiff in said replevin suit.

That by means of certain suits brought by said S. A. Kean & Co., in the State of Indiana, upon said judgments, $1,605.15, being over twenty-one per cent of their entire claim, was realized from property of said Larkins, which should be credited upon the said judgments, and that after making the said credits there is now actually and equitably due upon the aforesaid judgments from said Robert Larkins, the sum of $5,591.71.

That on the 26th day of July, 1892, said Lowe, assignee, filed in the said County Court his final report, showing a cash balance in his hands as assignee, as aforesaid, of

$15,026.41, and giving a list purporting to be a complete list of the creditors of said Robert Larkins entitled to share in the distribution of said fund, and that S. A. Kean & Co. do not appear upon said list, and that said petition further prays for an order of said County Court to make distribution of the said sum to the parties named in said list of creditors of said Robert Larkin's estate, and that an order was thereupon, on the 26th day of July, 1892, entered, ordering the distribution of said fund to the parties named in said list of the creditors of said Robert Larkin's estate *nisi* five days.

That the petition and claim of S. A. Kean & Co. herein for $5,591.71 was filed within the five days limitation; and that the objections to said claim and to the petition for the allowance thereof were filed in apt time by the assignee; that the estate of said Larkins in the hands of the assignee, as shown by his final report, will not pay to Larkins' creditors (exclusive of S. A. Kean & Co.), who have proved up their claims, in excess of a twenty per cent dividend.

It is further stipulated that said Lowe, assignee, duly gave notice of such assignment by publication, and also duly sent a notice thereof by mail to said S. A. Kean & Co., shortly after the 27th day of September, 1889, which notice was received by said S. A. Kean & Co., or his then attorney.

It is further stipulated that Morton Culver, Esq., the attorney who represented said S. A. Kean & Co. in the County Court in September and October, 1889, and also in the Appellate Court and Supreme Court, considered the question of filing the said claim of S. A. Kean & Co. with the assignee of Larkins, within three months after the publication of notice to creditors, and decided not to do so, stating to the attorney for the assignee that he would take his chances of collecting the full amount of the judgments.

Morris, Ganse & Craig,

Attorneys for S. A. Kean & Co.

N. M. Jones,

Attorney for Perley Lowe, assignee."

Upon this agreed statement of facts, the County Court refused to allow appellants to file their claim; they therefore prosecute this appeal.

Messrs. MORRIS, GANSE & CRAIG, for appellants.

Mr. N. M. JONES, for appellee.

MR. JUSTICE WATERMAN.   That cases may arise in which, under the general powers conferred on the County Court by the Voluntary Assignment Act, claims not prosecuted within three months after publication are to be allowed to participate in dividends as if filed within that time, has been held by this court as well as by others.   Suppiger v. Gruaz, 36 Ill. App. 60; Winona Paper Co. v. First Nat. Bank, 33 Ill. App. 630.

We do not think, however, that the fact that a creditor neglects to prove his claim within the time limited, because he is of the opinion that he has security out of which he can make his claim without resorting to the insolvent debtor's court, is a sufficient reason for extending to such creditor the privilege of participating in dividends as though he had made proof within three months after publication.

In the present case the creditor had full knowledge of the insolvency proceedings; his claim was ascertained and defined; yet he deliberately, from motives of supposed advantage to himself, it must be presumed, neglected to file his claim.   It is, to be sure, the case that he had good reason, in the opinion of this court and the County Court, for thinking that he had, by means of his levy, acquired upon the property of the insolvents a lien superior to that of their assignee.   This was a mistake of law, on account of which, as a rule, relief is not given.   The fact that he had made a levy upon property sufficient to satisfy his claim, and that such levy is a *sub modo* satisfaction, did not deprive him of his right to exhibit his claim in the court, and before the tribunal to which his debtor had invited him to go for the purpose of receiving the proper proportion of the assets applicable for distribution to creditors.

It is because he ought not to unnecessarily harass or annoy his debtor, that one who has a *sub modo* satisfaction by levy, upon sufficient personal property, is not, while such

satisfaction is existing, permitted to arrest or bring suit against such debtor; but it can not be considered an annoyance of a debtor, to, in accordance with the debtor's express invitation and the direct permission of the statute, file a claim in insolvency proceedings. The design of the statute is to have all creditors exhibit their claims within a short and limited time in order that the assets may be speedily distributed among those to whom they of right belong. If a creditor deliberately neglects to avail himself of the opportunity thus afforded to him, he must take the consequences which the statute declares are to rest upon him in such case.

The judgment of the County Court is affirmed.

*Judgment affirmed.*

Mr. Justice Gary. I concur in the result, but am not prepared to express any opinion as to the right of appellants to exhibit a claim against the estate while they held onto the levy.

Mr. Justice Shepard. I dissent from both the reasoning and the conclusion of the opinion of Mr. Justice Waterman.