# CASES

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1893.

## Mueller v. United States Mutual Accident Association.

1. INSURANCE COMPANIES—*Forfeiture of Policies—Notice.*—A certificate of insurance in a mutual accident association contained a clause providing that if an assessment "be not paid before its expiration, this certificate and all insurance thereunder will then cease to be in force." One of the by-laws of the association provided that " a member who shall not remit the amount of his assessment or annual dues within thirty days from the day of the notice thereof, shall forfeit his claim to membership and have his name stricken from the roll." *It was held* that the notice to a member, if it is sought to forfeit his policy, must be such a one as the member is required by the by-law to obey.

2. NOTICE BY MAIL—*What is " the Day of Notice."*—Under the by-law of a mutual accident association a member was required to remit within thirty days from the day of the notice. *It was held* that " the day of the notice," when sent by mail, is the day when in due course of mail it would reach the member, and he may remit without forfeiture of his rights on the last day of the thirty mentioned in the notice.

3. FORFEITURE—*Burden of Proof.*—When an association claims a forfeiture of a member's rights by reason of his non-compliance with a notice, it must show that the member was notified in the manner prescribed by the by-laws. It is no answer to objections to a notice that the conduct of the member probably would have been the same if the notice had been unobjectionable.

4. FORFEITURE—*Waiver of.*—An insurance association can waive a forfeiture, if one has been incurred.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. SAMUEL P. MCCONNELL, Judge, presiding. Declaration on a certificate of insurance; plea, general issue; trial by jury; verdict for

plaintiff; motion for a new trial granted; cause then submitted to the court upon an agreed statement of facts; finding for defendant; appeal by plaintiff. Heard in this court at the March term, 1893, and reversed. Judgment entered in the Appellate Court. Opinion filed August 4, 1893.

The opinion states the case.

APPELLANT'S BRIEF, RUBENS & MOTT, ATTORNEYS.

There is nothing in the charter or by-laws which will make the record of the society as to the levying of an assessment *prima facie* evidence of the legality of such assessment. An insurance company, although a mutual company, must show a strict compliance with all the conditions precedent to the levying of an assessment. May on Insurance, 3d Edition, Sec. 557; Bacon on Benefit Societies, Sec. 377; Niblack on Mutual Benefit Societies, Secs. 277–279.

No forfeiture can be established except for a violation of the precise conditions laid down. Bates v. Association, 51 Mich. 587.

Wherever a notice is requisite, either by statute or by-law, to permit of any summary proceeding for the forfeiture of valuable rights, and especially property rights, the precise form of notice prescribed and the time and manner of giving it must be strictly observed; otherwise no forfeiture can be insisted upon. High on Extraordinary Legal Remedies, Sec. 295; Sands v. Sanders, 26 N. Y. 240; Castner v. Insurance Co., 50 Mich. 273; Sands v. Graves, 58 N. Y. 98; Sands v. Shoemaker, 4 Abbott App. (N. Y.) 149; Haywood v. Collins, 60 Ill. 328; Carney v. Tully, 74 Ill. 375; Chicago & A. R. R. Co. v. Smith, 78 Ill. 96.

The retention by the company of the one dollar balance of deposit account is inconsistent with and is a waiver of any forfeiture.

The company applied this one dollar toward the payment of the annual dues of the year 1888. The policy was declared forfeited December 28, 1887. No part of this one dollar had therefore been earned by the company. It could not claim that the policy was forfeited and void as to the insured, but was valid and subsisting for the purpose of allowing it to

retain unearned dues. If the company intended to insist upon a forfeiture it should have returned the one dollar. Ætna Ins. Co. v. Maguire, 51 Ill. 351; Peoria M. & F. Ins. Co. v. Botto, 47 Ill. 519; Lycoming Ins. Co. v. Barringer, 73 Ill. 235.

In cases of a forfeiture of a contract the parties must be put *in statu quo* by a return of whatever was received on the contract. Buchenau v. Horney, 12 Ill. 338; Whitehall v. Smith, 24 Ill. 166; Tobin v. Western Mutual Aid Association, 72 Ill. 261.

APPELLEE'S BRIEF, KNIGHT & BROWN, ATTORNEYS.

On the question that the notice began to run from the date of the mailing of the notice, appellee cited the following authorities: Greeley v. Insurance Co., 50 Iowa, 86; Yoe v. Benevolent Ass'n, 63 Md. 86; Epstein v. Insurance Co., 28 La. Ann. 938; Ross v. Hawkeye Ins. Co. (Iowa), 50 N. W. Rep. 47; Weakley v. Insurance Co., 19 Brad. 327; Union Mutual Accident Ass'n v. Miller, 26 Ill. App. 230; May on Insurance, Sec. 562.

The company was not bound to give notice of the annual dues. The payment of them is a part of the contract. Ins. Co. v. Mowry, 96 U. S. 544; Roehner v. Ins. Co., 63 N. Y. 160; Bacon on Insurance, Sec. 360.

On the question that the company owing him anything from another fund, does not invalidate the notice, appellee cited the following cases: Hollister v. Ins. Co., 118 Mass. 478; Ancient O. U. W. v. Moore, 1 Ky. L. R. 93.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is the administrator of Agnes Scheel, who was the wife of Charles Scheel. By the appellee, Charles was insured against death by accident, the policy payable to her.

The only question is, whether Charles had forfeited his membership by the non-payment of an assessment.

The policy contained a clause that if an assessment "be not paid before its expiration, this certificate and all insurance thereunder will then cease to be in force."

Mueller v. U. S. Mutual Accident Ass'n.

One of the by-laws of the association provides that "any member who shall not remit the amount of his assessment or annual dues within thirty days from the day of the notice thereof  *   *   *   shall forfeit his claim to membership and have his name stricken from the roll."

All notices of assessments shown by this record, three in number, contain this:

" DEPOSITS FOR ASSESSMENTS.

To make sure that your membership will not lapse, keep a deposit with the association.

The system of deposit accounts adopted for the convenience of members, enabling them to remit for several assessments in advance, thus avoiding annoyance or the liability of forfeiture by neglect to remit, or by loss in the mails through remitting-for single assessments as they are made, leads us to commend it to all members as the most desirable and advantageous plan.

The proportion of members who are now paying their assessments by the year is very rapidly increasing, the money being deposited in bank beyond any possibility of loss to the members.

Deposit receipts are given, and the member is kept fully apprised of all assessments made. The assessment notices when mailed, are stamped paid, charged against deposit account. We aim to give notice when same is exhausted."

No by-law relating to such deposits is shown, but the course of business and practice of the association is shown by the notices, and Charles Scheel had conformed to it by making one deposit of $10 and another of $5, out of which $14 had been applied to assessments, leaving still with the association $1. The by-laws provided that "each member shall pay the sum of $1 annually in advance for dues. These dues shall be payable with the last assessment of each year."

The last assessment payable in the year 1887, was made November 28, 1887, and on that day was mailed in New York to Charles Scheel in Chicago, a notice which the record shows could not have reached him before November 30, 1887.

So much of that paper as constitutes the notice simply, is as follows:

"Office of the
UNITED STATES MUTUAL ACCIDENT ASSOCIATION,
320 and 322 Broadway, New York.

P. O. Box, 851.

Chas. B. Peet, President.     James R. Pitcher, Secretary.
Calvin T. Hazen, Treasurer.

NEW YORK, November 28, 1887.

At a regular meeting of the board of directors, an assessment of two dollars upon each member in Division B, for conducting the business of the association, was ordered to be made, to expire thirty days from November 28, 1887, upon all members admitted prior to that date.

In accordance with the by-laws, the annual dues in advance are payable with this assessment, making a total amount due upon this notice of $3.

Assessments and annual dues must be paid to the secretary at the office of the association, 320 and 322 Broadway, N. Y., within thirty days from November 28, 1887, and the association can not be legally held by payment to any one else.

The sending of this notice shall not be held to waive any forfeiture or lapse of membership by non-payment of previous assessments.

If you have a deposit account and this notice is stamped 'paid, charged against deposit account,' hold it as your receipt.

If not paid please return this blank with your full name and postoffice address, and enclose $3 in payment of assessment No. 53, and annual dues.

Very respectfully,
JAMES R. PITCHER, Sec'y."

Now that this notice was not such as Charles Scheel was required by the by-law to obey, must be conceded.

Under the by-law he was required to "remit," * * * " within thirty days from the day of the notice." " The day of the notice " is the day " when in due course of mail it

would reach" Charles Scheel. Northwestern Travelling Men's Ass'n v. Schauss, No. 4752, opinion filed June 14, 1893.

By the notice Charles Scheel was required to have the money at the office of the association in New York by December 28, 1887. Under the by-law he was entitled to remit December 30, 1887.

The notice cut off four days of his time.

Again, the association had $1 of his money on deposit, and could only require $2 instead of $3 from him.

The association claims a forfeiture. "It must show that the member was notified in the manner prescribed by the by-laws." Bacon, Benefit Societies, Sec. 379.

And it is no answer to objections to a notice that the conduct of the member probably would have been the same if the notice had been unobjectionable. Nat. Bk. of Rondout v. First Nat. Bk. of Chicago, 37 Ill. App. 296; Frey v. Wellington Mut. Ins. Co., 4 Ontario App. Rep. 293.

It is quite conceivable that Charles Scheel might not have received the notice until the 27th of December, 1887, or on some day between that day and the 31st, and then, though under the by-law he was still entitled to remit $2 for his assessment, and under the usage of the company entitled to have the remaining $1 of his deposit applied to his annual dues, yet being informed by the notice that $3 were required of him, and that the time within which he might remit had passed, he might thereby have been misled, and so refrained from sending the $2 on or before the 30th.

The indemnity to be paid by the association was conditioned upon the fact that the assured was at the time of his death a member. The payment of any particular assessment was not the consideration for the indemnity, but the non-payment of it might be a cause of forfeiture of membership.

It is not necessary to decide whether the by-law quoted is self-executing, or requires some action by the association before a membership is forfeited.

Certainly the association could waive the forfeiture, if one

46  Appellate Courts of Illinois.

Vol. 51.]  Mueller v. U. S. Mutual Accident Ass'n.

had been incurred. Metropolitan Accident Ass'n v. Windover, 137 Ill. 417.

And if a forfeiture was incurred the association has waived it.

December 29, 1887, which was one day before Charles Scheel should have been required to remit, the association sent him this notice:

"Office of the

United States Mutual Accident Association.

320 and 322 Broadway.

P. O. Box 851.

Chas. B. Peet, President.  James R. Pitcher, Secretary.

Calvin T. Hazen, Treasurer.

New York, December 29, 1887.

At a regular monthly meeting of the board of directors, an assessment of $2 upon each member in Division B, for conducting the business of the association, to expire February 1, 1888, was ordered to be made upon all members admitted prior to January 1, 1888.

Assessments must be paid to the secretary at the office of the association, 320 and 322 Broadway, N. Y., prior to date of expiration (February 1, 1888), and the association can not be legally held by payment to any one else.

The sending of this notice shall not be held to waive any forfeiture or lapse of membership by non-payment of previous assessments.

Your membership in this association having been forfeited by non-payment of the previous assessment, we send you this blank to notify you that if you are in sound bodily condition, and will remit to us $2 for such assessment, we will, upon its receipt, re-instate you to membership, and you can then pay this assessment (No. 54) as per this blank, on or before the date of its expiration. If you prefer, you can remit now in full.

Please return this blank with your full name and post-office address, and enclose $2 in payment of assessment No. 54.

Very respectfully,

James R. Pitcher, Sec'y."

The inference from this notice is that the association regarded the annual dues for 1888, as being paid, and it is in the record " that the one dollar   *   *   *   was applied by the company in the payment of annual dues for the year 1888, and has been retained by the company." Thus at the same time that the association insists that Charles Scheel ceased to be a member by his default, it applies his money to the continuance of his membership for another year. Whether this last notice is good, is not a question now. Charles Scheel died from a cause within the policy, January 15, 1888, so that he could not be in default on the last assessment.

By reason of the defects of the notice of the assessment of November 28, 1887, no forfeiture was incurred by disregarding it; and had there been a forfeiture, it was waived; The appellant is therefore entitled to recover.

So much of this opinion as relates to the waiver, is concurred in by the other members of this court; that under the circumstances there was no cause of forfeiture, is my individual opinion.

The case was tried below without a jury. We will therefore enter judgment here. Union Nat. Bk. v. Manistee Lumber Co., 43 Ill. App. 525.

It is agreed that the amount, if anything, is $4,000, with interest at six per cent from April 5, 1888.

The judgment is reversed and judgment entered here that the appellant recover as above.