## James N. Crandall et. al. v. The Carey-Lombard Lumber Company.

1. VOLUNTARY ASSIGNMENT. — *Publication of Notice.*— A notice under section two of the act concerning voluntary assignments, notifying creditors to present their claims within three months thereafter, must be published on the day of its date.

2. SAME—*Judgments Confessed After the Assignment.*—A judgment entered by confession against an insolvent after an assignment by him for the benefit of his creditors is not provable as a claim against the estate without evidence that the debt for which the judgment was confessed existed at the time of the assignment.

3. SAME—*When Claims Filed are to be Accepted—Who May Except.* —The theory of the statute concerning voluntary assignments, is that all claims presented to the assignee are to be accepted as just, unless some person interested as creditor or otherwise excepts, and no mere volunteer can come in as *amicus curiæ* and except.

4. SAME—*Rights of Creditors to Except to Other Claims.*—A person who has a claim as a creditor of an insolvent has a standing in court, for the purpose of filing exceptions to other claims, during the thirty days within which exceptions are to be filed.

5. SAME—*Hearing of Exceptions—Burden of Proof.*—On the hearing of exceptions to a claim, the burden is upon the claimant to show that his claim is just. Though the statute is silent as to the burden of proof, the principle that dictated Sec. 60, Ch. 3, R. S., entitled "Administration," applies.

Proceedings—Voluntary Assignment Act.—Appeal from the County Court of Cook County; the Hon. ORRIN H. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

LEVI SPRAGUE, attorney for appellants.

COWEN & HOUSEMAN, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The assets of W. H. Rolff & Co., an insolvent debtor who had made an assignment for the benefit of his creditors, were being administered under the direction of the County Court. The first publication of notice by the assignee in attempted compliance with the second section of the act concerning such assignments was void, being dated August 15, 1893, and requiring creditors to present their claims " within three months from this date," and the first publication being in a newspaper issued August 17, 1893. National Bank of Rondout v. First National Bank of Chicago, 37 Ill. App. 296.

Another proper publication was made to present claims within three months from December 28, 1894.

No order of court was made, or necessary, directing that second publication. The statute requires the assignee to forthwith give notice of publication, and delay, whether by neglect or mistake, to give proper notice, does not discharge or dispense with the performance of the duty. Both of these parties had, before the expiration of three months from December 28, 1894, duly presented their claims to the assignee. That of the appellants was upon a judgment against the insolvent by confession in the Superior Court of Cook County, entered August 29, 1893, which was eighteen days after the assignment, which was August 11, 1893.

The note upon which the judgment was entered was dated August 28, 1893. On the thirtieth day after the assignee, under section four of the act, had filed his report of claims of creditors, the appellee filed exceptions under section five. On the hearing of those exceptions, the claim of the appellants was disallowed, upon the ground that their judgment was no proof that any debt to them from the insolvent existed at the time the assignment was made. There were some general statements, both by one of the appellants and by the insolvent, as witnesses, to the effect that at the time

of the assignment the insolvent owed the appellants the amount of the judgment, less costs and attorney fees, for lumber, but no effort by the appellants to prove any items or account stated. This proved nothing. McGeoch v. Hooker, 11 Ill. App. 649.

And the judgment and note upon which it was entered were no evidence of a debt before the date of the note. Sweet v. Dean, 43 Ill. App. 650.

The claim of the appellants was therefore rightly rejected, if the appellee had the right to except to it. The theory of the statute is, that all claims presented to the assignee are to be accepted as just, unless some person "interested as creditor or otherwise" excepts. Whether any person other than the insolvent could be interested otherwise than as a creditor we need not consider, but it is certain that no mere volunteer could come in as *amicus curiæ* and except. Wallace v. Chicago & Erie Stove Co., 46 Ill. App. 571.

But one who has filed a claim as a creditor, must have a standing in court, for the purpose of filing exceptions to any other claims, during the thirty days within which exceptions are to be filed, else there could be no exceptions filed by any creditor. If every creditor, or person who claimed to be a creditor, were compelled to wait until the time to except to his claim had expired, then that time would also have expired as to the claim to be excepted to.

If the exceptor's claim were also duly excepted to, within thirty days, it well might be that he would have to establish his own claim before he could prosecute his exception to any other.

And on the hearing of exceptions to a claim, the burden is upon the claimant to show that it is right. Though the statute is silent as to the burden of proof, the principle that dictated Sec. 60, Ch. 3, "Administration," applies.

Now the appellants tried, but were not permitted, to show that the claim of the appellee was also upon a judgment confessed after the assignment. But no exception had been filed to that claim. The time to except was gone; the claim stood proved by operation of the statute under section 6.

The appellee, therefore, could properly prosecute exceptions to the claim of the appellants, even though its claim might once have been subject to the same exceptions as the claim of the appellants.    It was no longer so subject.

The judgment of the County Court disallowing the claim of the appellants, with costs, is affirmed.