## District Grand Lodge No. 4, O. K. S. B., v. Rosa Menken.

1. MUTUAL BENEFIT ASSOCIATIONS—*Expulsion of Members.*—To prove the expulsion of a member of a mutual benefit association, an expulsion in compliance with the law of the association must be shown.

2. SAME—*Insufficient Notice of Proceedings to Suspend Member.*— When the laws of a mutual benefit association required a notice that if the arrears of dues were not paid on or before the first regular meeting of the following month the member would stand suspended, and the notice given was to appear in the lodge hall at the meeting to pay, and that in case of non-appearance, such member would be suspended, the notice was held insufficient, as under the law such member might send the money on or before such meeting, but under the notice he must go there in person.

3. INTEREST—*Mistakes in the Calculation of.*—The question as to whether interest was calculated without mistake must be raised in the court below. It can not be inquired into in the Appellate Court for the first time.

Assumpsit, on a certificate of a mutual benefit association. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

JESSE LOWENHAUPT and B. J. SAMUELS, attorneys for appellant; PHILIP W. FREY, of counsel.

MORAN, KRAUS & MAYER, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The only question in this case is whether Morris Menken was, at the time of his death, a member of the appellant lodge.

He was once a member, but the lodge claims that he had been suspended before his death.

The section of the constitution of the lodge relating to the question is:

"It shall be the duty of the secretary of each lodge to report at every regular meeting the name of any member who is thirty days in arrears for non-payment of dues and assessments. He shall thereupon notify such member in writing that if not paid on or before the first regular meeting of the following month, he shall stand suspended from all rights and privileges of the order without further notice or action upon the part of the lodge."

One notice given was:

"Mr. M. Menken, Dear Sir and Brother: You are hereby notified to appear at our next regular meeting, May 3, 1891, in the lodge hall at 406–408 Milwaukee avenue, in the afternoon, at 2 P. M., to pay the arrearage of $4.50. In case of not appearing you will be suspended from the lodge. In truth, love and justice,

A. B. WOLF, Secretary."

May 3, 1891, no quorum of the lodge met, nor did Menken appear.

The secretary testified: "Immediately after the meeting in May, I notified Menken of his arrears of $10.50, by mailing a letter to him like the one I sent him before, except that it was $10.50 instead of $4.50. It was addressed to the same address, and the envelope contained my return card. The letter was not returned to me."

As to the first notice, the secretary testified: "The letter was dated April 7, 1891, and contained the seal of the lodge. I was secretary of the lodge at the time the letter was written. I sent the notice on the day of the meeting, the first Sunday in April or the day following. This notice was sent to Menken by mail. I put it in the mail box. I have my direction on each envelope. It says 'If not called for return to A. B. Wolf, 130 Fullerton Avenue, City.' I addressed the envelope containing the notice to 'M. J. Menken, 17 Upton Street, City,' which was Menken's address at

that time.  I deposited the envelope containing the notice in the mail box opposite my home.  The letter was never returned to me."

The brief of the appellant argues that it ought to have been permitted to prove a conversation between the secretary and Menken, in which the latter acknowledged receipt of notice; but the abstract shows that the question calling for such conversation was withdrawn by appellant, the attorney stating, " I think myself it is not competent."

The rule established by several cases in this State is, that to prove an expulsion of a member of a mutual benefit society, an expulsion in compliance with the law of the society must be shown.  High Court of Independent, etc., v. Zak, 136 Ill. 185.

Here that law required a notice that if the arrears were " not paid on or before the first regular meeting of the following month," the member would " stand suspended."  The notice to Menken was to appear in the lodge hall at that meeting to pay, and that "in case of not appearing you will be suspended."

Under the law he might send the money on or before the meeting; under the notice, he must go in person to the meeting.

So, waiving all question whether the proof of the contents and sending of the notice is sufficient, it is at least proved that no such notice as the law required was sent.  Mueller v. U. S. Mut. Acc., 51 Ill. App. 40, S. C., 151 Ill. 254, is in principle the same as this case.  The appellee was the beneficiary in a certificate issued by the appellant to her husband, Morris Menken.  She sued and obtained judgment, and that judgment is affirmed.

Whether the court calculated interest without mistake, was not made a question below, and can not be inquired into here for the first time.