22   143
51a  580

JOHN DEXTER, Appellant, *v.* JOHN PARKINS, Appellee.

APPEAL FROM PEORIA COUNTY COURT.

The wife of a defendant in execution, is not a competent witness, on a trial of right of property.

A preferred creditor has no greater right to personal property, than a purchaser for a valuable consideration, as against judgment creditors.

Dexter *v.* Parkins.

On the trial of right of property, a recital in the execution of the rendition of the judgment is sufficient proof of the judgment; the claimant by giving notice, admits the regularity and existence of the proceedings against the defendant.

THE property in question was levied upon by virtue of an execution upon a judgment before a justice of the peace, in favor of John Dexter against John Smallridge, dated 5th December, 1857, on judgment recovered by said Dexter against Smallridge, on 5th December, 1857, for $110 and costs, and the property levied upon as the property of Smallridge by a constable, on the 15th day of December, 1857.

Parkins claimed the property as his, and had a trial of the right of property before the justice of the peace, on which trial the jury rendered a verdict in favor of Dexter against the claimant, from which trial an appeal was taken to the County Court of Peoria county.

At the December term of said County Court, 1857, a jury trial was had, and verdict was rendered for the claimant, from which last trial this appeal is taken.

On the trial of said cause in the said County Court, the plaintiff below offered the wife of the defendant in execution, Jane Smallridge, who acted as clerk and agent of her husband in the transaction of his business, as a witness on the trial of said cause, to which the defendant objected. The Court overruled the objection, and allowed the witness to give testimony in said cause.

The defendants below asked the Court to instruct the jury as follows:

5. That a bill of sale is fraudulent and void, as to creditors and third persons, unless possession of the property specified therein, actually followed from the vendor to the vendee, according to the terms of said bill of sale.

6. That possession is *prima facie* evidence of ownership, and in case of sale of goods or chattels, if possession of said goods remain with the seller or vender, the sale is fraudulent and void *per se* (of itself,) as to creditors and third persons, and cannot be rebutted by evidence of fair intention.

But the court refused to give the instructions asked, but modified them by addressing the following, to wit:

" Whereupon the court amended the fifth instruction by writing the words ' not being a preferred creditor,' after the word ' vendee,' in said fifth instruction, and amended the 6th instruction, by adding the words ' unless such sale was to a preferred creditor, and in payment of a just debt.' "

And now comes the said John Dexter, and assigns for error that said court erred in allowing Mrs. Smallridge, wife of the

defendant in execution, to testify in said cause ; and in amending the fifth and sixth instructions, as asked for by said Dexter.

LINDSAY & LANDER, for Appellant.

H. GROVE, for Appellee.

BREESE, J. The questions arising on this record are, first, as to the admissibility of the wife of the defendant in execution, as a witness on the part of the claimant of the property under a bill of sale, made by such defendant, and second, on the instructions.

Section twelve of the act respecting the trial of the right of property, provides (Scates' Comp. 1116,) that in no case of such trial shall the defendant in execution be a competent witness.

In first Greenleaf on Evidence, Sec. 341, it is said, where the husband or wife is not a party to the record, but yet has an interest directly involved in the suit, and is therefore incompetent to testify, the other also is incompetent, and instances the case of the wife of a bankrupt being called to prove the fact of his bankruptcy which she is not permitted to do. *Ex parte James*, 1 Peere Williams, 610. Nor can the husband be a witness for or against his wife, in a question touching her separate estate even though there are other parties to the record in respect of whom he would be competent. 1 Greenleaf Ev., Sec. 335.

In *Davis* v. *Dinwoody*, 4 Durnf. & East, 370, Lord Kenyon said, Independently of the question of interest, husbands and wives are not admitted as witnesses for or against each other, from their being so nearly connected they are supposed to have such a bias upon their minds that they are not to be permitted to give evidence either for or against each other, and so said Buller, Justice, in the same case, and this is considered we believe to be well settled law.

It was argued in this case of *Davis* v. *Dinwoody* on the objection to the competency of the witness that he was interested, it was answered, that he came to speak against his interest, for that if these goods which had been seized, were not his own and could not be taken to pay *his* debt he would be liable afterwards, whereas if they could be taken in execution his debt would be discharged.

So in this case, if the goods seized by the constable were not Smallridge's and could not be taken to pay his debt he would be liable afterwards, whereas if they could be taken his debt would be discharged. But the court say, interest is not the test. It is the bias supposed to exist upon the mind of husband or wife which excludes them. But our statute expressly ex-

cludes the defendant in execution, and of course, under the rule as laid down by Greenleaf before cited, his wife is excluded also. Where one is incompetent either by the common law or by statute on account of a supposed interest or bias, the other must be also. This doctrine is fully recognized in *Vandiver* v. *Glaspy*, 7 Rich. S. C. Law R. 14, and on principle is correct.

In such cases as this of the trial of right of property a son-in-law claiming through the defendant in execution, more or less suspicion is naturally engendered, that the transaction is only colorable and it may be greatly to the interest of the defendant in the execution, that property seized as his by an execution, should belong *pro hac vice*, to the claimant. It is not difficult to imagine such cases. In such case, the wife would be testifying directly in a case where her husband's interest was deeply involved. It would be very convenient in such cases to have the wife a witness, and not an honest disinterested neighbor.

But there is another reason of policy why the wife should be excluded, and that is for the sake of domestic peace. If, called as a witness and she does not testify as her husband wants her to testify, the consequences to her may be anything but agreeable in the privacy of their homes, and its comforts forever destroyed by this one refusal of the wife, to violate her oath and conscience, to advance the interest of her husband. Rather than hazard such consequences, it is far better that they should be excluded, and we hold policy and the law does exclude them.

In this case, the evidence does not show any delivery of the property to the claimant after the execution of the bill of sale. It is absolute on its face, yet the property remained as much in the possession of Smallridge as it did in that of the claimant after as before its execution. Such circumstances are not evidence of fraud, but are fraud absolutely. *Thornton* v. *Davenport*, 1 Scam. R. 296; *Reed* v. *Eames*, 19 Ill. R. 596, and cases there cited.

The fifth and sixth instructions asked by the plaintiff in execution should have been given without any qualification, for a preferred creditor has no greater right in such cases than a purchaser for a valuable consideration, as against judgment creditors. It is objected however, that the plaintiff in execution did not show any judgment against Smallridge. He did show an execution reciting a judgment, on which the levy was made which was sufficient under this proceeding. By giving notice that he will try the right of property, the claimant admits the regularity and existence of the proceedings against the defendant.

We think there should be a new trial, and the cause is remanded for that purpose, and for further proceedings not inconsistent with this opinion.

*Judgment reversed.*