## THOMAS GILCREEST

*v.*

## WILLIAM E. SAVAGE for the use of JACOB FISHBORN.

ATTACHMENT — *garnishee.* Under our statute, a judgment *in rem* by attachment does not authorize the issuance and return of a general execution *in personam* so as to issue garnishee process thereon.

Appeal from the County Court of La Salle county; the Hon. P. Kimball Leland, Judge, presiding.

The facts of the case sufficiently appear in the opinion of the court.

Messrs. Bushnell & Avery, for the appellant.

Mr. T. L. Dickey, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

It appears from the bill of exceptions in this case, that Jacob Fishborn had sued out process of attachment against the property of William E. Savage, and levied on the south-east quarter of section 15 in town 32, range 4, east of the third principal meridian. A default was taken against Savage after notice by publication, at the December Term, 1865, of the County Court of La Salle county, and judgment rendered for Fishborn against that quarter section of land to pay and satisfy the sum of $175.05. A garnishee process was sued out on the 31st of January, 1866, against Thomas Gilcreest, which was served on the same day. On the same day a *fi. fa.* issued in favor of Fishborn against Savage and returned *nulla bona.*

Interrogatories were filed and answered by Gilcreest, on which the court rendered a judgment against him for $201.60 and costs. To reverse this judgment, the record is brought here by appeal and several errors assigned, which we do not deem it necessary to discuss at length, as we are satisfied the appellant was not subject to this garnishee process. The judgment against Savage was not *in personam* but was against the land, and that became the fund out of which it was to be satisfied. No general *fi. fa.* could issue. Section 22 of the attachment act provides, if judgment by default shall be entered on any attachment against the estate of the defendant in any court of this State, no execution shall issue except against the goods and chattels, lands and tenements on which the attachment may have been served, or against a garnishee or garnishees who shall have money or other property in his or their

hands belonging to the defendant. Scates' Comp. 233. Nor does the act, title "Garnishment" (id. 549) have any application to this case. The judgments treated of in that act, are judgments *in personam* and not in attachment cases. This act is the same as section 38, chapter 57, title "Judgments and executions," and has unmistakable reference to judgments *in personam* only.

The facts appear from the bill of exceptions, and show clearly, that Fishborn had no such judgment as warranted him in suing out this garnishee process.

The judgment is reversed.

*Judgment reversed.*