## WILLIAM RIPLEY ET AL.

### v.

## THE PEOPLE'S SAVINGS BANK ET AL.

1. PLEADING—INTERPLEADER—TRAVERSE.—In an attachment suit, an interpleader tenders the simple issue of property in the property in controversy, and that question can only be met by a traverse; pleading property in any one else without specifically denying property in the party interpleading, is foreign to the issue tendered and a demurrer will lie thereto.

2. GARNISHMENT—PARTNERSHIP ASSETS.—Creditors can not by process of garnishment reach money in the hands of a garnishee which is due to the firm of which the debtor is a member.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E GARY, Judge, presiding. Opinion filed March 8, 1886.

Messrs. SCHUYLER & KREMER, for appellants.

Mr. DAVID SULLIVAN and Mr. J. T. KEENA, for appellees.

BAILEY, P. J.    In this case, William Ripley and Bradford W. Ripley, on the 4th day of September, 1884, sued out an attachment against the property of John Monaghan, a non-resident of the State, to recover an indebtedness of $2,342.25, and caused the firm of A. J. McBean & Co. and Edward A. Ayer to be summoned as garnishees.    Judgment was rendered against the principal defendant by default, and interrogatories having been filed, A. J. McBean & Co. answered deny-

ing that they had any effects or estate of the defendant in their possession, custody or charge, but admitting that on the 3d day of September, 1884, said firm purchased of one Frazier a cargo of cedar posts.

Ayer answered, admitting that at the time of the service of the writ he had in his possession the sum of $1,040.15, which appeared on his books as a credit to the firm of Monaghan & Rothschild, of which the defendant purported to be a member; that after the service of the writ there came into his possession the sum of $432.25, which also stood to the credit of Monaghan & Rothschild; that he did not know of his own knowledge what interest the defendant or Rothschild had in said money, or whether any other person or corporation had any interest therein, but he was informed and had reason to believe, that said moneys belonged wholly or in part to the defendant; that said moneys were the proceeds of the sales of cedar posts and railroad ties consigned to the garnishee by said firm, both before and after the date of the service of the writ.

The People's Savings Bank of Detroit thereupon filed its interpleader, alleging that said sum of $1,472.40 in the hands of said Ayer, being the proceeds of the sale of cargoes of railroad ties and cedar posts shipped by said bank to him, being the same property described in the answer of said Ayer, and the sum of $482.89, in the hands of A. J. McBean & Co., the same being the proceeds of the sale of a cargo of cedar posts so ld to said McBean & Co. by James Fraser, said cargo being shipped t o said Fraser by said bank, were at the date of the service of the writ and still are, the property of said bank and not of said defendant.

To said interpleader the plaintiffs filed six replications, the first alleging that the moneys in the hands of Ayer were not the property of said bank, the second that the moneys in the hands of A. J. McBean & Co. were not the property of the bank, the third making the same allegations as to all the property attached, and the fourth, fifth and sixth setting up in various forms that said property belonged to defendant Monaghan at the date of the attachment. To the last three replications the

court sustained a demurrer, and the sustaining of the demurrer is assigned for error.

The question raised by the interpleader was simply that of property in the moneys in controversy in the bank, and that question could only be met by a traverse. If the money did not belong to the bank it was wholly immaterial, so far as the interpleader was concerned, whom it belonged to. Pleading property in Monaghan or any one else, without specifically denying property in the bank, was foreign to the issue tendered. We think the demurrer was properly sustained.

At the trial, which was before the court, a jury being waived, the court found said bank entitled to the moneys in the hands of A. J. McBean & Co., and to $1,040.15 of the moneys in the hands of Ayer, and that the residue of the money in the hands of Ayer belonged to the firm of Monaghan & Rothschild; and it was thereupon ordered that the garnishees be discharged, and that the bank recover its costs.

The evidence of title to the railroad ties and cedar posts from the sale of which the money in question was realized is quite complicated, and we do not deem it our duty to review it at length. Suffice it to say that it shows a contract between Monaghan & Rothschild and the cashier of said bank, entered into by him for and on behalf of the bank, by which the bank was given a lien in the nature of a mortgage on said ties and posts, to secure certain advances made by the bank to Monaghan & Rothschild; and it also appears, very satisfactorily, we think, that some time prior to the service of the attachment writ, the ties and posts from which the moneys awarded by the court to the bank were realized, were delivered into the possession of the bank in pursuance of said agreement, and by it shipped to said garnishees. The lien of the bank on the ties and posts, and the moneys realized therefrom, is thus shown to be superior to that of the attaching creditors.

The moneys found by the court to belong to the firm of Monaghan & Rothschild seem to have been the proceeds of certain ties and posts belonging to that firm and shipped by them to Ayer. The proceeds arising from their sale of course belonged to the firm, and constituted an indebtedness from

Ayer to them.  The question arises whether such moneys can be reached by the writ of attachment in this case. The proceeding by garnishment which is here resorted to is a proceeding at law, and is subject to the same rules by which ordinary suits at law are governed.  By it a creditor is enabled to recover money owing to his debtor for his own use, but such recovery must be had in what is in substance and legal effect a suit at law, in the name of the debtor, against the party indebted to him.  Such proceeding can be maintained only where the debtor himself might sue and recover in his own name.  It is manifest that Monaghan could not sue for and recover at law a debt due to him and another in his own name.  If he should attempt to do so, the nonjoinder of the other party in interest might be taken advantage of under the plea of non-assumpsit.  If then he could not recover such indebtedness in his own name, no more can his creditors by process of garnishment.

Errors are assigned upon certain rulings of the court in relation to the admission of evidence, and also in refusing to hold certain propositions submitted by counsel for the plaintiffs as the law in the decision of the case.  We have examined the several matters complained of, and find no material error. The judgment will be affirmed.

Judgment affirmed.