HENRIETTA SWEET

v.

THADDEUS DEAN ET AL.

*Husband and Wife—Conveyance to Wife—Consideration Furnished by Husband—Bill to Subject Property to Husband's Debts—Necessary Evidence—Judgment—Effect of.*

Sweet v. Dean.

1. Upon the mere fact that the consideration of a conveyance to a wife is furnished by her husband, no presumption of a resulting trust arises.

2. Upon a bill to subject property so conveyed to the debts of the husband the creditors must show, either that they were creditors at the time of the conveyance, or that the conveyance was so made for the purpose of defrauding subsequent creditors.

3. Upon a bill by a judgment creditor to set aside an alleged fraudulent conveyance antedating the judgment, the judgment is not evidence that the debt existed when the suit was commenced.

4. A judgment is, for or against strangers to it, evidence only of its own existence, and affects them only by the consequences that legally flow from that existence.

[Opinion filed February 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. MOSES & PAM, for appellant.

The bill of complaint, as well as the intervening petition, called for the sworn answers of the parties. It is useless to cite authorities upon the effect of sworn answers, as the rules are well known in this court.

There is no *legal* evidence in the record when the debt of Dean & Bader accrued, except the recovery of a judgment of April 8, 1889.

The itemized account attached to the declaration did not prove itself, and was no part of the record, even as against Mr. Sweet. Harlow v. Boswell, 15 Ill. 56; Gossett v. U. M. A. Ass'n, 27 Ill. App. 266, and other cases.

As to the law of gifts from husband to wife, and alleged fraudulent conveyances, see Moritz v. Hoffman, 35 Ill. 553; Gridley v. Watson, 53 Ill. 186.

In the latter case a judgment debtor had property sufficient to satisfy the judgment. There was no allegation in the cross-bill that Watson was insolvent, or that he purchased the property in the manner it was purchased, or conveyed it in anticipation of insolvency. See Sweeney v. Damron, 47 Ill. 450; Bridgeford v. Riddell, 55 Ill. 261; Pratt v. Myers, 56 Ill. 24; Mitchell v. Byrns, 67 Ill. 522; Patrick v. Patrick, 77 Ill. 555; Yazel v. Palmer, 81 Ill. 82.

Where there are no creditors it is competent for the husband to create a separate estate for his wife. None but present creditors can complain. Tunison v. Chamblin, 86 Ill. 378.

Patterson v. McKinney, 97 Ill. 42, cites Bump on Fraudulent Conveyances. Reference must be had to the nature and state of the property. In that case one deed was avoided, while the other was upheld.

The bill of complaint does not state any special facts warranting any relief against Mrs. Sweet. It does not even allege the insolvency of Henry Sweet, either present or impending, and simply proceeds upon the theory that Mrs. Sweet got property from her husband. Durand & Co. v. Gray, Kingman & Collins, 129 Ill. 9.

Mr. ARNOLD TRIPP, for appellees.

The case in 53 Ill. 186, was a case where an execution had been returned *nulla bona*, and no effort made to collect the debt, and where the proof affirmatively showed the person to be entirely solvent and possessed of property.

In the case 35 Ill. 553, the court affirms the doctrine long established, that where a debtor in failing circumstances and owing debts, deeds his property, it is presumptive evidence of fraud. In that case, however, Hoffman was a prominent business man, a banker, and paid money daily over the counter, and retained and had enough money to pay all of his debts, which is not the case at bar. Here Sweet had practically nothing left except that which was heavily incumbered, and in which no equity existed, and which in fact was all foreclosed and taken by mortgage creditors.

We contend that Sweet was bound by this return, and that it is conclusive against him as well as his wife.

We cite in support of that proposition the case of Lewis v. Lanphere, 79 Ill. 187. In that case the court say: "It is again urged, that a complainant in a case of this character (creditor's bill) must exhaust his remedy at law before he can resort to equity for relief. There is no doubt of the correctness of the rule, but does it appear that he has not in this case? Wm. Lewis, the debtor, when called on by the constable with

the execution, denied having money or property to discharge or satisfy it. This, then, shows that he had neither money nor property at that time. Having made the statement he will not be heard to say that it was untrue."

The demand and return in that case is precisely the same as the case at bar (see page 189). The court in that case construed the return as a refusal to turn out property and held that he could not now be heard to say that it was false.

Mitchell v. Byrns, 67 Ill. 523, was a creditor's bill exactly the same as the case at bar, and on the same state of facts the court held the bill to be good.

The precise question now under consideration has also been definitely settled in the case of Durand et al. v. Gray et al., reported in 129 Ill. and in Bowen v. Parkhurst, 24 Ill. 258.

Gary, J. On the 8th day of April, 1889, the appellees recovered in the Superior Court a judgment against Henry Sweet, the husband of the appellant, for nearly $1,800, upon which execution was issued and returned *nulla bona.* When that suit was commenced does not appear. Attached to the declaration (common counts) was a bill of particulars of items of dates from July 26 to December 24, 1887, but no other evidence of indebtedness was put in in this case. Upon that judgment the appellees filed a judgment creditor's bill to subject to the satisfaction of it some real property conveyed by a third person to the appellant on the 29th day of September, 1887, for a consideration, as is alleged, furnished by the husband. Upon the mere fact that the consideration of a conveyance to a wife is furnished by her husband, no presumption of a resulting trust arises (2 Pom. Eq., Sec. 1039), and there is in this case no evidence of any trust by agreement of parties. If the appellees can reach the land, it must be only on the ground that the conveyance to her, and not to the husband, was a fraud upon them as his creditors. But to give them a standing upon this ground they must show that they were such creditors at the time of the conveyance, or that the conveyance was so made for the purpose of defrauding subsequent creditors. Tunison v. Chamblin, 88 Ill. 378.

It is not contended that there is any evidence of the last member of the above proposition, and therefore it is only necessary to consider whether there is any evidence of the first. There are some decisions that can not be defended, that with the aid of other evidence, not of itself sufficient, a judgment may help to make out proof against strangers to it, of the prior existence of the debt, for which it purports to have been rendered. They are cited in Sec. 605, 2 Black on Judgments. The precise question that is on this record has been decided several times in Alabama adversely to the appellees. On bills to set aside alleged fraudulent conveyances antedating the judgments, the judgments are not evidence that the debts existed when the suits were commenced. Troy v. Smith, 33 Ala. 469; Marshall v. Croom, 60 Ala. 121; Means v. Hicks, 65 Ala. 241. And that accords with the general principle that a judgment is, for or against strangers to it, evidence only of its own existence, and affects them only by the consequences that legally flow from that existence. 2 Black on Judgments, Sec. 604; Schreiner v. High Court, etc., 35 Ill. App. 576; Sisk v. Woodruff, 15 Ill. 15.

Without looking into the transactions between the appellant and her husband, the decree must be reversed upon the ground that the appellees have not put themselves into position to attack them. They have not shown that he owed them when the land was conveyed to her.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*