## Commercial National Bank v. Canniff.

51    579
151s   329
51    579
55    203

1.  INTERPLEADER—*Questions at Issue—Burden of Proof.*—The only question under an interplea is the title to the property in dispute, and upon this the burden of proof is on the interpleader.

2.  FRAUDULENT SALES—*Who May Question.*—A sale, however fraudulent it may be, is binding between the parties to it. It can only be avoided at the instance of a purchaser from, or a creditor of the vendor. A party can not be heard to say that a sale is fraudulent until he shows himself to belong to one of these classes.

3.  FRAUDULENT SALES—*Intervenors in Attachment Suits.*—Fraudulent sales being good as between the parties to the transaction, whether the defense to the claim of the purchaser be interposed by the officer or the plaintiff in attachment suit, he must first establish the fact of the indebtedness.

**Memorandum.**—Attachment.   Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

WEIGLEY, BULKLEY & GRAY, attorneys for appellant.

ANDREWS, MILLER & GETTYS, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The property of one M. H. McCahill, an absconding debtor, having been attached by appellant, appellee inter-

vened, claiming that the property levied upon under the attachment writ belonged to him.

The record fails to show that upon the hearing appellant introduced any evidence showing that he was, when the attachment writ was levied, a creditor of M. H. McCahill, against whom and whose property the writ ran.

As is urged by appellant, the only question under the interplea was, " Is the property in question that of the interpleader?" and, upon this, the burden of [proof was on the interpleader.    Marshall v. Cunningham, 13 Ill. 20; Dexter v. Perkins, 22 Ill. 143, 156–7; Merrick v. Davis, 65 Ill. 319–322; Hanson v. Dennison, 7 Ill. App. 73; Ripley v. People's Savings Bank, 18 Ill. App. 430.

It was shown upon the trial that McCahill had sold the goods in question to the intervenor.    Appellant contended that such sale was fraudulent, made by McCahill to hinder and defraud his creditors, and that appellee had knowledge of this; appellant also insisted that there had been no such change of possession of the goods as was notice to a *bona fide* purchaser from or creditor of McCahill.

The purchase, and such open change of possession as took place, was sufficient and binding as between McCahill and appellee; if avoided or held fraudulent, it can only be so held at the instance of a purchaser from or a creditor of McCahill; appellant can not be heard to say that such sale was fraudulent, until he shall show himself to belong to one of these classes.

Appellee made out a *prima facie* case which could not be assailed by appellant unless he showed himself to be a creditor of the attachment debtor.

There are expressions in some of the cases cited by appellant, notably in Merrick v. Davis, *supra*, indicating that an intervenor admits not only the regularity of the proceedings, but the character assumed by the plaintiff, at whose instance the goods in controversy have been seized; but in principle there is no distinction between the necessity for proof of such character by a plaintiff in replevin or trover and by one who intervenes in an attachment or sets up a right of property as against a sheriff's execution.

C. & W. I. R. R. Co. v. DeMarko.

Fraudulent sales being good as between the parties to the transaction, whether the defense to the claim of the purchaser be interposed by the officer or the plaintiff in an attachment suit, he must first establish the fact of indebtedness.  Brayley v. Byrnes, 20 Minn. 435; Cook v. Hopper, 23 Mich. 511; Jones v. Lake, 2 Wis. 210; Ives v. Hulce, 14 Ill. App. 391; Currier v. Ford, 26 Ill. 489; Wade on Attachment, Sec. 205.

The judgment obtained by appellant against McCahill subsequent to the hearing upon the plea of the intervenor, can not be considered by this court; it was not before and was not considered by the trial court.  The judgment not being personal, but merely *in rem*, was, when rendered, no evidence of indebtedness by McCahill.  Gilcrist v. Savage, 44 Ill. 56; Manchester v. McKee, 4 Gil. 511; Brannigan v. Rose, 3 Gil. 123–128; Green v. Van Buskirk, 7 Wallace, 139.

The judgment of the Superior Court in favor of appellee, the intervenor, is affirmed.