## Warren Springer v. Frank A. Bigford.

1. ATTACHMENT PROCEEDINGS—*Intervening Claimant—Proof of Claim Aliunde.*—Upon the trial between an intervening claimant of the attached property and the plaintiff in attachment the judgment obtained against the defendant in the attachment suit is no evidence

against the intervenor of any debt from the defendant to the plaintiff existing before the entry of the judgment, nor of the truth of any of the averments in the declaration. If the plaintiff attacks the disposition of the property by the defendant for fraud on creditors he must prove his debt *aliunde*.

2. BILL OF SALE—*Of Corporation, Prima Facie Sufficient.*—A bill of sale executed by a vice-president of a corporation under its corporate seal is *prima facie* sufficient to pass the title of the property.

**Memorandum.**—Attachment proceedings. Garnishee process. In the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Trial by the court upon the petition of an intervening creditor; finding and judgment for the intervenor; appeal by the plaintiff in the attachment. Heard in this court at the March term, 1894, and affirmed. Opinion filed November 12, 1894.

## STATEMENT OF THE CASE.

December 29, 1891, appellant demised by lease of that date to the American Vault, Safe and Lock Company, a Pennsylvania corporation, certain premises in Chicago, for the term of five years, beginning January 1, 1892, at the rental of $250 per month, payable monthly in advance, on the first day of each month.

The rent for August, September and October, 1893, being past due and unpaid, appellant, on October 3d of that year, began an attachment suit against said company and obtained judgment by default, on October 23, 1893, for the sum of $790. No property was levied on under the attachment writ, but the World's Columbian Exposition was served as garnishee, and on October 16, 1893, filed its answer, as such garnishee, "that at the date of the service of the writ of attachment it had as an exhibit under contract to remain until the close of the World's Columbian Exposition, six safes of the American Vault, Safe and Lock Company." Value unknown.

Execution was issued, and upon the close of the Fair, October 31, 1893, levied on the safes.

On November 2, 1893, appellee, Bigford, filed a petition in said cause setting up the beginning of the attachment suit, and service of garnishee process, and alleging that "the 29th day of July, 1893, the American Vault, Safe and Lock Company sold and delivered the said safes to petitioner for

a valuable consideration, and that he thereupon took posses-
sion of the said safes on exhibition, and has had possession
of the same from that time thence hitherto, subject, how-
ever, to the right of exhibition of the said World's Colum-
bian Exposition as aforesaid, and asked leave to appear and
assert his claim to said goods according to the form of the
statute in such cases made and provided." On this petition
an order was entered "granting leave to file an interplea."
Thereupon such "interplea" was filed, averring in substance
the same facts as stated in said petition.

On November 27, 1893, on motion of said Bigford the
court ordered a stay of execution until the further order of
the court. On January 11, 1894, the intervening claim of
appellee to said safes came on for trial, and was tried by the
court without a jury. The court found the issue in favor
of the claimant, and entered its judgment on such finding,
from which the plaintiff in the attachment appealed.

APPELLANT'S BRIEF, WM. J. AMMEN AND ANDREW J.
HIRSCHL, ATTORNEYS.

It is essential that there be a change of possession visible
and apparent to the world, to render a sale valid as against
creditors and *bona fide* buyers without notice. Thompson
v. Yeck, 21 Ill. 73; Ketchum v. Watson, 24 Ill. 591; Lewis
v. Swift, 54 Ill. 436; Thompson v. Wilhite, 81 Ill. 356;
Lefever v. Mires, Id. 456; Hartz v. Jones, 21 Ill. App. 150;
Lapp v. Pinover, 27 Ill. App. 169; Gillette v. Stoddard, 30
Ill. App. 231.

It is essential to a change of possession that there be not
only a delivery, but a real, continuing, permanent possession
in the buyer. Allen v. Carr, 85 Ill. 388; Wood v. Loomis,
21 Ill. App. 604.

There is no actual delivery where the parties merely go
together where the property is, in possession of the bailee
or the seller, and identify it, but do not remove it. McCann
v. Myer, 4 Ill. App. 376.

The delivery must be substantial and not a merely formal
or temporary change of possession. Pickard v. Hopkins,
17 Ill. App. 570.

Where property when sold is in possession of a bailee a notice must be given to the bailee of the transfer in order to make such transfer good as against attaching creditors or purchasers. Hodges v. Hurd, 47 Ill. 363.

Nor does the property pass when the seller gives the buyer an order addressed to the railway company having custody of the car, as the bailee of the seller, directing the company to deliver the car on the track to the buyer, and the buyer takes possession, the order being in no way assented to nor recognized by the bailee. Hoffman v. Culver, 7 Ill. App. 450; Hoffman v. Warren, Id. 459.

If sale be made to hinder and delay creditors it is void even if with consideration. Boies v. Henney, 32 Ill. 130.

APPELLEE'S BRIEF, WILBER, ELDRIDGE & PINNEY, ATTORNEYS.

The facts in this case as shown by the record are simple and plain. The goods in controversy were purchased by appellee of the American Vault, Safe and Lock Company, on the 29th day of July, 1893; the bill of sale was duly executed by C. H. Underwood, vice-president of that corporation, and attached thereto was the corporate seal of said company, which seal imported full authority for the execution of the paper. Indianapolis & St. L. R. R. Co. v. Morganstern, 103 Ill. 149; Bills v. Stanton, 69 Ill. 51.

Here was a *bona fide* sale and transfer, made by two competent contracting parties, and to make such a sale void for fraud, both parties must have been concerned in the fraud. Brown v. Riley, 22 Ill. 52.

The acts or declaration of the grantor, after a sale, are incompetent to impair the title of the grantee. He has no more power to affect the title by his declaration than a mere stranger. Wait on Fraudulent Conveyances, Sec. 278; Randegger v. Ehrhard, 51 Ill. 101.

Mr. Justice GARY DELIVERED THE OPINION OF THE COURT.

October 3, 1893, the appellant commenced an attachment suit against the American Vault Safe and Lock Company. The writ was served the same day by garnisheeing the

World's Columbian Exposition and by delivering a copy to the third vice-president of the vault company.

October 23, 1893, the appellant took judgment by default against the vault company. November 2, 1893, the appellee intervened, claiming " that the goods and chattels, to wit, the said six safes garnisheed in the hands of the World's Columbian Exposition, by virtue of the said writ of attachment and garnishment in this behalf, were at the time the same were so garnisheed, and still are, the property of the said Frank A. Bigford, and not of the American Vault Safe and Lock Company." This was a proper mode of proceeding. Juilliard v. May, 130 Ill. 87. Upon that claim the parties went to trial before the court without a jury.

We have delayed deciding this case until the Supreme Court should decide Cook v. Imperial Bldg. Co., which it did the 29th day of October, 1894, reversing our judgment in the same case—with the names of the parties reversed— reported in 46 Ill. App. 279. Our reason for delay was that if our decision there was correct, the appellant here had obtained no hold on the property of the vault company by service on a third vice-president. Being unable to discover any difference in principle between vice-presidents, based upon a numeral adjective, we assume that the service on the third vice-president was good. The appellee's claim to the safes is based upon a bill of sale made by that officer, purporting to convey the safes to the appellee, dated July 23, 1893, with the seal of the vault company affixed. The judgment obtained by the appellant is no evidence against the appellee of any debt from the vault company to the appellant, existing before the entry of the judgment; nor of the truth of any of the averments in the declaration in that case. Sweet v. Dean, 43 Ill. App. 650; Snodgrass v. Bank of Decatur, 25 Ala. 161.

And there is no other evidence in the record that the vault company owed the appellant, or had any such relations with him that it ever could owe him, at the time the bill of sale was made. Without such evidence there could be no attack on the ground of fraud upon creditors. Ibid.

It appears in the case that the vault company was a Pennsylvania corporation and Underwood represented it in Chicago. In fact the case of the appellant stands on the hypothesis that Underwood was third vice-president, as service of process on the attachment is upon him as filling that office.

Then the bill of sale under the seal of the company is *prima facie* sufficient to pass the title of the safes to the appellee. Sawyer v. Cox, 63 Ill. 130.

Whether they were delivered, was a question of parol evidence, on which we should feel bound by the finding of the court, if the appellant were at liberty to raise any question about it, but as he did not prove any debt against the vault company, existing before his judgment, he can not question the title of the appellee for any failure in proof of change of possession.

Only creditors and subsequent purchasers can object to the title of the vendee on that ground. Corgan v. Frew, 39 Ill. 31.

It is clear that the safes were in the possession of the appellee long before the judgment was entered. If the judgment was evidence of a debt then, from the vault company to Springer, the title of the appellee had become perfect against subsequent creditors of the vault company, before Springer is shown by the record to have been in position to attack it as fraudulent against creditors.

An attaching creditor, attacking a disposition of property by the defendant, for fraud on creditors, must prove his debt *aliunde*. Commercial Nat. Bk. v. Canniff, 51 Ill. App. 579.

Judgment is affirmed.