## The Yost Manufacturing Co. v. Max R. Alton.

1. ATTACHMENTS—*Evidence of Debt Should Precede Evidence of Fraud.*—An affidavit upon which a writ of attachment is sued out is not evidence of a debt, and without evidence of a debt a plaintiff can not question the transactions of the defendant on the ground of fraud.

2. NEW TRIALS—*Newly Discovered Evidence—What Affidavit Should Show.*—Statements in an affidavit for a new trial " that the plaintiff, by the direction of this affiant, employed a large number of persons to ascertain the whereabouts of the witnesses " and " that such efforts were continuously and unremittingly made " give no information as to what efforts were made and do not show cause for a new trial on the ground of newly discovered evidence.

Attachment.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

WILBER, TURNER & HILL and DAVID J. WILE, attorneys for appellant.

OSBORNE, GUERIN & SHRIMSKI, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant sued out an attachment against the Climax Cycle Company and levied the same upon goods and chattels in the possession of, and claimed as his own, by the appellee, interpleading. At the close of the evidence, the court instructed the jury to find for the appellee.

The appellant put in no evidence that the Climax owed the Yost anything. The affidavit upon which the attachment was sued out, was no evidence of any debt.

Without evidence of the debt, the appellant could not raise any question of fraud upon it, as a creditor. Springer v. Bigford, 55 Ill. App. 198, 160 Ill. 495.

The affidavit upon which a motion for a new trial, because of newly discovered evidence, was based, is wholly hearsay as to diligence.

" That the plaintiff, by the direction of this affiant, employed a large number of persons to ascertain the whereabouts" of the witnesses, and " that such efforts were continuously and unremittingly made," which is the language of the affidavit, gives no information as to what efforts were made; and besides, the affidavit is not in the bill of exceptions, and though read by us, in so doing we went out of the record.    Bowlan v. Lambka, 57 Ill. App. 334.

The judgment is affirmed.