**P. H. Foley, Appellee, v. B. N. Boyer (John Westphal et al., Appellants).**

**Gen. No. 5,222.**

1. BILL OF EXCEPTIONS—*when extension of time for filing valid.* The time for the filing of a bill of exceptions may be properly extended at any time prior to the expiration of the time previously fixed by the original order, or extensions thereof.

2. BILL OF EXCEPTIONS—*when signing after time fixed for filing, proper.* The signing of a bill of exceptions after the time fixed for its filing has expired is proper if within such time such bill of exceptions has been presented to the trial judge for settling, signing and sealing.

3. APPEALS AND ERRORS—*when sufficiency of evidence not presented for review.* If the abstract does not show that the bill of exceptions contains an exception to the denial of the motion for a new trial, the sufficiency of the evidence to support the verdict is not preserved for review.

4. CONVEYANCES—*when fraudulent per se.* Conveyances of personal property are fraudulent *per se* and void as to creditors where

possession is retained by the vendor, unless the retaining of possession is consistent with the conveyance.

5. ATTACHMENTS—*when irregularity in writ not fatal.* A failure to fill a blank in a writ of attachment is not fatal if the context of the writ supplies such blank.

6. ATTACHMENTS—*when objections to affidavit come too late.* The want of an affidavit preceding the issuance of a writ of attachment cannot be first urged by interpleaders on appeal.

Attachment. Appeal from the Circuit Court of Livingston county; the Hon. U. W. LOUDERBACK, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed March 11, 1910.

A. C. NORTON, for appellants.

W. C. GRAVES and E. A. SIMMONS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Foley brought an attachment suit against Boyer for wages, and had personal service upon Boyer, and levy of the attachment upon tools and machinery (described in the levy in detail), constituting an oil well drilling outfit. The property was so levied upon on May 26, 1908. There was a jury trial on September 17 and 18, 1908, and a verdict finding the issues in attachment for Foley and assessing his damages at $49.27, and he had judgment therefor, with an order for a general execution against Boyer, and for a special execution against the property attached. On September 17, 1908, the day when that trial began, John Westphal and five others filed in said cause an interplea alleging that the goods and chattels seized by virtue of said writ of attachment were at the time they were so seized and attached, and still are, the property of said interpleaders and not of said Boyer. The interplea was tried by a jury, beginning on September 23, 1908, and ending on September 25 in a verdict finding the property subject to the attaching creditor, Foley, and against the interpleaders, who then moved for a new trial. This motion was heard and denied on November 5, 1908, and Foley had judgment against the interpleaders for

his costs in the interpleading proceedings and they prayed and perfected this appeal.

Appellee has moved here to strike the bill of exceptions from the record. On November 5, 1908, at the September term of said County Court, appellants had leave to file a bill of exceptions within seventy days. That time expired on January 14, 1909. On January 11, 1909, one of the days of the December term, the court extended the time for filing said bill of exceptions to March 10, 1909. On March 8, 1909, one of the days of the March term, the court extended the time to March 20, 1909. Each extension was in term time and before the expiration of the time previously fixed. The bill of exceptions was presented to the trial judge on March 20, 1909. It was therefore presented in apt time under the rule laid down in Pieser v. Minkota Milling Co., 222 Ill. 139. Affidavits filed here with the motion state that it was signed on March 27. The record shows that it was signed on March 20, and that record cannot be corrected here, but, if untrue, should have been corrected in the court below. But, if signed on March 27, still that is not a defect. Where a bill of exceptions is presented within the time fixed by the original order or by lawful extensions thereof, the time thereafter within which it shall be examined, settled and signed is within the reasonable control of the trial judge, and a delay after the bill has been placed in the hands of the trial judge does not invalidate it. The party has done all he can to comply with the order when he has in apt time placed the bill in the hands of the trial judge for his approval and signature. Hall v. Royal Neighbors, 231 Ill. 185; Olds v. North Chicago St. Ry. Co., 165 Ill. 472. The motion to strike the bill of exceptions from the record is therefore denied.

Rule 16 of this court, 137 Ill. App. 625, requires the appealing party to file an abstract which shall present every exception relied upon for a reversal. The abstract in this case does not show that the bill of excep-

tions contains an exception to the denial of the motion for a new trial. It does show that the clerk's record of the proceedings contains such an exception. The clerk has no power to determine whether appellants took an exception, and his entry to that effect would be of no validity. But the abstract does not truly state the clerk's record, which only recites that, after denial of motions for a new trial and in arrest of judgment, and after the entry of judgment, the interpleaders "having entered their exceptions herein pray an appeal," etc. This does not show an exception to the denial of the motion for a new trial. The abstract therefore does not raise the question whether the verdict is supported by the evidence. Appellants insist that there is such an exception in the bill of exceptions. They, however, concede that a verdict either way should be sustained here, unless there are errors of law requiring a reversal. We are of opinion, however, that the proof is such that a verdict for the interpleaders could not stand. Boyer owned the tools and machinery, which were located where used by him in drilling for oil on a farm near Cornell, in Livingston county. On May 14, 1908, at some place in Indiana, probably at East Chicago, though appellants have not always testified the same as to the place, Boyer executed to appellants a bill of sale of this property for $2,150, of which they paid $1,750 in cash and $400 in notes. W. L. Cole, one of the appellants, testified that he had seen the property on May 11. None of the other appellants had ever seen it. Cole testified that he went to the place on May 15. When asked for what purpose he was there, he first said that the company (meaning his associates, the appellants) told him to go and look over the stuff. When the question was repeated he said he "went to get possession of the machine." He took no one with him, and no one was there while he was. Neither Boyer nor any one representing him delivered possession to Cole. Cole looked at what was in sight, collected in one pile some

tools or articles which were scattered about, started to pull nails out of a tool box which was nailed up, got a nail or two out and concluded he could not open it, and then put in other nails to take the place of the nails he had drawn out. He then returned to Indiana. He testified that he did not go to the farm with the intention of taking the machinery at that time. He did not appoint a custodian. He posted no notice of its sale to appellants. He told no one that he and his associates had bought it. He did no act, except to look at so much of the property as was above ground, to pile up a few scattered articles and to replace a nail or two which he had drawn. If he took any possession it was symbolical only and of the most meagre kind. On June 14 he went to the farm with Boyer to get the machine, and found it had been seized upon attachments. In July appellants gave bond and took the property. Conveyances of personal property are fraudulent *per se* and void as to creditors, where the possession is retained by the vendor, unless the retaining of possession is consistent with the conveyance. Thornton v. Davenport, 1 Scam. 296; Reed v. Eames, 19 Ill. 594; Dexter v. Parkins, 22 Ill. 143; Reese v. Mitchell, 41 Ill. 365; Jones v. Noel, 139 Ill. 377. It follows that appellants took no valid possession as against creditors, and the sale was fraudulent and void as to creditors, even under the evidence of appellants. Therefore the only verdict and judgment warranted by the proof was one against appellants.

Appellants contend that there was error in certain rulings upon evidence and instructions. In the main these rulings were in accordance with the law above stated, but if any of them were incorrect, yet they did not harm appellants, because under the facts as they assert them they had no right to the property as against creditors.

Appellants seek to take advantage of certain supposed informalities in the attachment proceedings. The attachment writ was duly directed to the sheriff

of Livingston county and recited that P. H. Foley had complained to the clerk of the court that B. N. Boyer was indebted to said Foley for wages as laborer to the amount of $58 and that Boyer was not a resident of Illinois, but of Whiting, Indiana, and that Foley had given bond according to law. It commanded the sheriff to attach so much of the estate of Boyer, to be found in that county, as should be sufficient to satisfy said debt and costs, etc., and to "summon said B. N. Boyer to appear and answer to the complaint of said ———— at the term of the County Court to be held" on the first Monday of September next, etc. At the trial the absence of the name of "P. H. Foley" from the blank above was discovered, and the name was then inserted by leave of court. Boyer was personally served and did not object to the writ. The only defect was the omission of the name of the party to whose complaint he was to answer, and that fully appeared from other parts of the writ. So much of the writ as commanded the attachment of Boyer's property at the suit of Foley was full and complete. If appellants could avail of such defects there was no substantial defect. As already stated, the attachment was issued and levied on May 26. The affidavit for attachment purports to have been sworn to before the clerk on May 27 and to have been filed May 28. Appellants contend that the attachment writ was void for want of an affidavit preceding the issuing of the writ. It is a sufficient answer to this to say that the interplea of appellants recognized the writ of attachment, and set up as the sole defense that they had bought the property before the attachment was levied and still owned it. That was the only issue which was or could be tried before the jury under the interplea. Appellee argues that by coming into this attachment proceeding and filing their interplea, which is under section 29 of the Attachment Act, and which is similar in principle to the trial of right of property under chapter 140 of the revised statutes, the interpleaders have con-

ceded the validity of the attachment, and cannot be heard to question it. He relies upon such cases as Harrison v. Singleton, 2 Scam. 21; Dexter v. Parkins, *supra;* Merricks v. Davis, 65 Ill. 319; Thompson v. Wilhite, 81 Ill. 356, and Commercial National Bank v. Canniff, 51 Ill. App. 579. If his position is well taken, it is decisive against appellants. But if they had the right to move to quash the attachment, or to assail its validity in any other way, they did not do so. The writ clearly shows that the clerk must have had an affidavit before him when he drew the writ. If this question had been properly raised below it may be that it would have been shown that the affidavit was sworn to and filed before the writ was issued, and that the clerk made some mistake in dates. This point cannot be first raised in this court. It appears that appellants had filed an interpleader in two·other attachments against Boyer, and that it was stipulated that the final judgment in this case should control the interpleas in the other cases.

We find no reversible error in the record. The judgment upon the interplea is therefore affirmed at the costs of the interpleaders.

*Affirmed.*