(79 Misc. Rep. 220.)

FOLEY v. NEW YORK SAVINGS BANK.

(Supreme Court, Appellate Term, First Department.    February 7, 1913.)

1. BILLS AND NOTES (§ 70*)—ORDER TO PAY—"ACCEPTANCE"—EVIDENCE.
    The mere retention by the drawee of an order to pay money is not an acceptance, unless it be under circumstances from which a promise to pay may be presumed.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 120, 121; Dec. Dig. § 70.*
    For other definitions, see Words and Phrases, vol. 1, pp. 53–57.]

2. GIFTS (§ 30*)—MONEY ON DEPOSIT—TITLE.
    The delivery of an order for money on deposit, as a gift, does not pass title until the order is accepted or paid; and where it is necessary to present a bank book, as well as the order, it is necessary to show that the book was delivered with the intent that title to it pass also.
    [Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 52–57, 65; Dec. Dig. § 30.*]

3. GIFTS (§ 41*)—BILLS AND NOTES—TITLE—REVOCATION.
    Unless title has passed, the death of the donor of an order to pay money revokes it.
    [Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

4. WITNESSES (§ 150*)—TRANSACTIONS WITH DECEASED PERSONS—"INTEREST DERIVED FROM DECEASED PERSON."
    Where a depositor in a bank dies leaving an order to the plaintiff for the deposit, but the title to the gift did not pass, the bank's interest in the deposit is an interest derived from, through, or under the deceased person, within Code, § 829, relating to evidence of transactions with deceased persons, and the plaintiff could not testify to transactions between himself and deceased.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 653–657; Dec. Dig. § 150.*]

Appeal from City Court of New York, Trial Term.

Action by James Foley against the New York Savings Bank. Judgment for plaintiff, and defendant appeals. Reversed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Webber & Webber, of New York City (Edgar L. Ryder, of New York City, of counsel), for appellant.

Thomas J. Meehan, of New York City (Frederick W. Hamberg, of New York City, of counsel), for respondent.

LEHMAN, J. The complaint in this action alleges two causes of action. The first cause of action is based upon an alleged acceptance and promise to pay by the defendant of an order or draft drawn by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Timothy Murphy upon the defendant. The second cause of action is based upon an alleged assignment by Murphy of his account in the defendant bank.

At the ·trial it appeared that Murphy upon his deathbed had executed a 'writing as follows:

"$1,529.85.                                     New York, May 14, 1912.

"New York Savings Bank: Pay to James Foley, or bearer, balance of account .......... dollars on account of Bank Book No. 202670.

"Present residence: 201 W. 141.

his
"Signature:   Timothy X Murphy."
mark

This order was made and acknowledged before a notary public, who had been sent for that purpose by the bank upon the plaintiff's request. The plaintiff testified, over objection and exception, that previous to the making of the draft Murphy·stated to him that he wished him to get the money, saying:

"If I live, well and good; and if I do not, you can have it, and see after me, and bury me decently, and have a mass in church, and put a stone over· my head."

After Murphy made out this order, the notary delivered it to the plaintiff, who presented it to the bank. The bank retained the order until after Murphy's death, and then refused to pay it. At the close of the testimony both sides moved for the direction of a verdict, and the trial justice directed a verdict in favor of the plaintiff.

[1] It seems to me that the plaintiff has failed to sustain the first cause of action, because the evidence does not justify a finding that the bank ever accepted the order before Murphy's death. It is true that they retained the order, but apparently they retained the order because they were not convinced that they should pay it. It is also true that the draft and bank book were both marked "Closed by payment;" but apparently this notation was placed upon the papers by mistake, and stricken off before the papers were returned to the plaintiff. In order that a retention of an order should give rise to an acceptance, which will raise a primary obligation on the part of the drawee, the retention must be under circumstances from which a promise to pay may be presumed.

[2] I think that the plaintiff has failed to sustain his second cause of action,· because the evidence is insufficient to show any valid or complete gift of the bank account. The decedent concededly made no absolute gift of the account to the plaintiff, and the plaintiff has no claim upon this account, unless the attempted gift is good as a gift causa mortis. A gift, whether inter vivos or causa mortis, becomes complete only when title to the subject-matter has actually passed. Until that time the gift is revocable, and the death of the donor acts as a revocation. For this reason it has been generally held that the delivery of a check or order to pay constitutes no valid gift which becomes complete before the check or order is accepted or paid, while the delivery of a bank book or certificate of deposit with intent to pass title to the indebtedness evidenced·by the book or certificate does constitute a complete gift. See Glennan v: Rochester Trust & S. Dep.

Co., 152 App. Div. 316, 136 N. Y. Supp. 747; Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758.

In this case the evidence is at most sufficient to show only such a delivery of an order drawn on the bank; but that order was certainly revocable by notice to the bank, and even knowledge that such an order was drawn does not render it obligatory on the bank to retain all or part of the deposit to meet it. See Attorney General v. Continental Life Insurance Co., 71 N. Y. 325, at page 331, 27 Am. Rep. 55. Under the contract between the bank and its depositor, the order was not even a valid order, unless presented with the bank book. The bank book is therefore made the actual evidence of the debt from the bank, and no title to the debt can pass, except by actual assignment, or through some form of delivery of the bank book with intent to pass this title.

[3] Unless such title has passed, the death of the donor revokes the order. I do not mean by this statement, of course, that no delivery of an order to pay can of itself constitute a valid assignment; for there are many cases in this state in which orders drawn upon a particular fund have been held to constitute assignments either pro tanto or of the entire fund. In all those cases, however, the order was complete in itself and given for value, and the circumstances clearly showed an intent by the assignor to divest himself of title to the subject-matter covered by the order. Where, however, the title to the particular fund is evidenced by particular indicia of title, and the owner of the fund can obtain the fund only by an order and the presentation of these indicia of title, an order constitutes practically only a power to draw the fund, and title to the fund passes only when the fund is reduced to possession or the indicia of title are delivered with intent to pass title to the fund. It is true that in this case the plaintiff did present the bank book with the order; but the mere possession of the bank book is but one of several elements necessary to the establishment of the plaintiff's cause of action. In addition, the plaintiff must show that he came into possession of the bank book by delivery from the decedent, with intent on the decedent's part to divest himself of all right and title to the bank book. See Dinley v. McCullagh, 92 Hun, 454, 36 N. Y. Supp. 1007.

[4] The trial justice erred, also, in the admission of plaintiff's testimony of personal transactions with the decedent. The bank's interest in the deposit fund is clearly an interest derived from, through, or under the deceased person, within the meaning of section 829 of the Code, and this fact appears, not only from the evidence, but from the pleadings.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.