440    APPELLATE COURTS OF ILLINOIS.

Illinois T. & S. Bk. v. Northern Bk. & T. Co., 214 Ill. App. 440.

**Illinois Trust & Savings Bank, Appellee, v. Northern Bank & Trust Company, Appellant. Corn Exchange National Bank, Garnishee, Louis H. Moore, State Bank Examiner of State of Washington, Interpleading, Appellant.**

## Gen. No. 24,427.

1. RECEIVERS, § 55*—*right of foreign receiver as against attaching creditor of this State.* A receiver appointed by a foreign court could not obtain possession of funds in this State, as against an attaching creditor of the insolvent estate, which was a citizen of this State.

2. CORPORATIONS, § 752*—*what is situs in attachment against foreign corporation.* The doctrine in this State is that for the purpose of jurisdiction in attachment suits brought against foreign corporations, the situs is the domicile of the garnishee.

3. BANKS AND BANKING, § 131*—*when retention of check not acceptance thereof.* A check on a bank of a foreign State, received by a Chicago bank from one of its depositors, was not legally accepted by its mere retention for more than 24 hours, under the Negotiable Instruments Act of the State of Washington (Rem. & Bal. Code sec. 3527), providing that where the drawee to whom a bill is delivered for acceptance refuses within 24 hours after such delivery to return the bill accepted or nonaccepted to the holder, he will be deemed to have accepted the same; and such bank was not, under the circumstances, precluded from garnisheeing funds of such foreign bank in this State, upon the insolvency of such bank.

4. BANKS AND BANKING, § 131*—*when draft not acceptance of check.* Where a Chicago bank received from one of its depositors a check on a foreign bank and credited the depositor's account therewith, and ultimately through its correspondents forwarded the check to a federal reserve bank for collection, and where the latter bank sent it direct to such foreign bank, and, according to practice, received the foreign bank's draft on another bank, and where two days before presentation to the drawee, the foreign bank went into liquidation and the draft was not honored, the draft was not regarded as an acceptance of the check under the Negotiable Instruments Act of the State of Washington (Rem. & Bal. Code sec. 3522), providing that the acceptance of a bill is the signification by the drawee of his assent to the order of the drawer, and that the accept-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ance must be in writing and signed by the drawee, etc., and section 3524, providing that where the acceptance is written on a paper other than the bill itself, it does not bind the acceptor except in favor of the person to whom it is shown and who, on the faith thereof, received the bill for value.

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed. Opinion filed June 10, 1919. Rehearing denied June 23, 1919.

MUSGRAVE, OPPENHEIM & LEE, for appellants.

DAVID O. DUNBAR and WILLIAM D. DOGGETT, for appellee; JAMES C. HUTCHINS, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an attachment suit brought by appellee, Illinois Trust & Savings Bank, against appellant, Northern Bank & Trust Company, a corporation in the State of Washington, garnisheeing a checking account the latter bank had with the Corn Exchange National Bank of Chicago. The case was tried without a jury. The court sustained the attachment, gave the appellant bank judgment against the garnishee for $1,262.47, assessed appellee's damages at $115.39 and costs, and ordered them paid out of the moneys to be collected from the garnishee. Louis H. Moore, State Bank Examiner of the State of Washington, interpleaded, claiming title to the account or chose in action. The issue was found against him, and both he and the Northern Bank & Trust Company have appealed.

The claim of appellee arose in this way: One of its customers deposited with it the check of one Matson on appellant bank, which appellee credited to his account and ultimately through its correspondents forwarded to the Federal Reserve Bank of San Fran-

442 APPELLATE COURTS OF ILLINOIS.

Illinois T. & S. Bk. v. Northern Bk. & T. Co., 214 Ill. App. 440.

cisco for collection. The latter bank sent it, with other items for collection, direct to appellant bank, receiving in return—according to a practice between the two banks—appellant bank's draft on another bank of Seattle for $4,020.86, covering all the items for collection including the check for $115.39. Two days before the draft was presented to the drawee, appellant bank was taken over by the State Bank Examiner of Washington and went into liquidation, and as a result the draft was not honored.

The statute of the State of Washington under which said examiner took possession of the property and assets of the bank authorized him to collect moneys due it, administer its affairs, do such acts as are necessary to preserve its assets, and required him to proceed under its provisions to liquidate the bank's affairs. Appellants contend that the State Examiner thus became vested with the title to the account or chose in action in question, and that applying the test whether garnishment would lie—whether an ordinary suit would lie against the garnishee by the judgment debtor (*Bartell v. Bauman*, 12 Ill. App. 450; *Ripley v. People's Sav. Bank*, 18 Ill. App. 430)—appellant bank was divested of its right of action against the garnishee. Citing *Kelly v. Dolen*, 218 Fed. 966, and other cases, appellants urge that the State Bank Examiner, having under such statute acquired legal title to the corporation's property, stands in a different position from a chancery or court receiver and can sue in a foreign jurisdiction for its benefit, and is the only party that can properly maintain an action for the garnishee's debt. But the distinction there drawn between a statutory and equitable receiver is not observed in this State, nor generally, as against resident creditors. The doctrine is fully discussed in *Rhawn v. Pearce*, 110 Ill. 350, and summarized in *Smith v. Berz*, 125 Ill. App. 122, at p. 131, as follows:

"But neither a voluntary assignee, nor one purely

statutory, from a foreign jurisdiction, nor a receiver appointed by a foreign court, can successfully hold property of which he has not obtained possession in the jurisdiction appointing him, against attaching creditors of the insolvent estate who are citizens of Illinois.''

So far as the situs of the debt may affect the question, the doctrine of this State is that for the purpose of jurisdiction in attachment suits brought against foreign corporations the situs is the domicile of the garnishee. (*Lancashire Ins. Co. v. Corbetts,* 165 Ill. 592, 596; *Pomeroy v. Rand, McNally & Co.,* 157 Ill. 176.) Hence we think attachment would lie under the decisions of this State if appellee has a cause of action against appellant bank. Whether it has depends entirely, as we think, on whether there was acceptance of the check within the meaning of the Negotiable Instruments Act of the State of Washington, whose pertinent provisions on the subject are the same as those of the Uniform Negotiable Instruments Act. (See Remington & Ballinger Ann. Code for the State of Washington, vol. 2, title 19, secs. 3522, 3524, 3527, 3575 and 3579.) These sections are as follows:

''Sec. 3522. The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money.''

''Sec. 3524. Where an acceptance is written on a paper other than the bill itself, it does not bind the acceptor except in favor of the person to whom it is shown and who, on the faith thereof, receives the bill for value.''

''Sec. 3527. Where a drawee to whom a bill is delivered for acceptance destroys the same, or refuses within 24 hours after such delivery, or within such other period as the holder may allow, to return the bill accepted or nonaccepted to the holder, he will be deemed to have accepted the same.''

"Sec. 3575. A check is a bill of exchange drawn on a bank, payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange, payable on demand, apply to a check."

"Sec. 3579. A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check."

Appellee contends that appellant bank legally accepted the check under both section 3522 and section 3527, under the former by said draft, under the latter by retention of the check beyond the period of 24 hours. Against the latter position appellants cite *Westberg v. Chicago Lumber & Coal Co.,* 117 Wis. 589, and *Matteson v. Moulton,* 79 N. Y. 627, which, construing the identical language in the New York statute (from which this provision of the Negotiable Instruments Act was taken), held that the "refusal" referred to meant an affirmative act, and that a mere omission to return when there was no demand was not a "refusal" within the meaning of the statute. *Wisner . v. First Nat. Bank of Gallitzin,* 220 Pa. 21, and *State Bank v. Weiss,* 46 N. Y. Misc. 93, 91 N. Y. Supp. 276, are to the contrary. But a later case of the Appellate Division of the New York Supreme Court, *Foley v. New York Sav. Bank,* 79 N. Y. Misc. 220, 139 N. Y. Supp. 915, seems to be in conflict with the *Weiss* case, *supra,* decided by that court, and after the decision in the *Wisner* case, *supra,* the legislature of Pennsylvania passed an act which made the law of that State conform to the ruling in the *Matteson* case, *supra,* which many text-writers regard as the better reasoning. (Norton on Bills & Notes, 4th Ed., p. 137, note 68; Brannan's Negotiable Instruments Law Annotated, pp. 135, 136; Crawford's Annotated Negotiable Instruments [1916], p. 222; Huffcut on Ne-

gotiable Instruments, p. 617; Bays on Negotiable Instruments, p. 76.   See also as bearing on the subject, *Hall v. Flanders,* 83 Me. 242; *Overman v. Hoboken City Bank,* 31 N. J. L. 563.)

Referring to the *Weiss* and *Wisner* cases, *supra,* Brannan says in his work:  "It is submitted that these decisions are erroneous, section 137" (being the same as section 3527, *supra*) "having no application to a check that was not presented for acceptance or certification but for payment." (P. 136.)   We are disposed to hold in accordance with these authorities that the mere retention of the check by appellant bank for more than 24 hours did not of itself constitute acceptance.

Nor can we regard the draft as an acceptance of the check.   If so, it was because it was "written on a paper other than the bill itself."   But in such a case, according to section 3524, "it does not bind the acceptor except in favor of the person to whom it is shown and who, on the faith thereof, received the bill for value."   Even if it may be said that the draft was "shown" to appellee by sending it to its collection agent, yet appellee cannot be said to have received the bill or check on the faith of the writing or draft for value.   It even disclaims that the draft was accepted in payment, contending that its agent had no authority to accept it as such.

It is also urged that as the appellant bank not only retains such check but has canceled it and charged the same on its books to the account of Matson, who drew it, it must be deemed to have accepted the check and is estopped from claiming otherwise.   Plausible as that may be, it is not such an acceptance as contemplated under the Washington Code and Negotiable Instruments Act, which must not only be in writing and signed by the drawee, but when the writing is on another paper, to be binding on the drawee, must come within the exception of section 3524, already discussed.

Other features of the case argued need not be considered if, as we conclude on the undisputed facts, there was no legal acceptance, within the meaning of the Washington Negotiable Instruments Act, of the check by appellant bank, and hence no cause of action against it in appellee. The motion in arrest of judgment should have been granted.

*Reversed.*